Blackfoed, J.
An execution from the United States Circuit Court for the District of Indiana, in favour of Steinberger and others against Sherry and others, was levied on certain goods in the possession of the execution-defendants. PLanna, the plaintiff in error, filed a claim to the goods before a justice of the peace. The execution-plaintiffs and the marshal appeared before the justice, and moved to dismiss the suit for want of jurisdiction. The motion was overruled. Issue was then joined, the cause tried, and judgment rendered for the claimant, the goods being found to be worth $>1,350. The defendants appealed to the Circuit Court; and on their motion that Court dismissed the suit, on the ground that the justice had no jurisdiction of it.
The dismissal of the suit is attempted to be sustained on two grounds: 1, Because the value of the goods exceeding *$100, was beyond the justice’s jurisdiction ; *560 2, Because the execution was from a Court of the United States.
The first objection is unfounded. The statute is general, “that tvhenever one or more executions shall be levied on any personal property of any person, &c., he may file with any justice, &c., a claim in writing,” &c.; and there is no intimation that the trial can not take place, if the value of the goods exceed $100. R. S., 1838, p. 490.
The second objection requires more consideration. It appears to us, that when the marshal levies an. execution of a Federal Court on property belonging to a stranger to the execution, he acts without any authority, and the levy must be void. He, in that case, violates the laws of the State, and may be sued in its Courts by the injured party, in trespass or trover, for the damages sustained. The question whether he is liable, under these circumstances, in replevin, or to any other action by which the goods are taken out of his custody, must, we suppose, be the same in principle as if the suit were merely for damages on account of the taking or detention of the property. The language of Kent on this subject is as follows: “If the officer of the United States who seizes, or the Court which awards the process to seize, has jurisdiction of the subject-matter, then the inquiry into the validity of the seizure belongs exclusively to the Federal Courts. But if there be no jurisdiction in the instance in which it is asserted, as if a marshal of the United '.States, under an execution in favour of the United States against A, should seize the person or property of B, then the State Courts have jurisdiction to protect the person and the property so illegally invaded; and it is to be observed, that the jurisdiction of the State Court in Rhode Island, was admitted by the Supreme Court of the United States in Slocum v. Mayberry, upon that very ground.” 1 Kent’s Comm., 410. It. follows, we think, from the doctrine contained in that extract, which we consider correct, that the decision of the Circuit Court in this'fease is erroneous. The case of Slocum v. Mayberry, referred to by Kent, was this: The surveyor of the customs of a port in Rhode Island, under the directions *561 the collector, had seized a vessel and cargo on suspicion of an intention to violate the embargo laws then in force. *The owner of the cargo, after a demand and refusal, brought an action of replevin against the surveyor in the State Court, and recovered. In error, the Supreme Court of the United States said, that it was the vessel only, and not the cargo, that was the object of the act of Congress; that the owner had the same right to his cargo that he had to any other property, and might exercise over it every act of ownership not prohibited by law; and that as the suit was brought for property, to detain which the law gave no authority, it was triable in the State Court. 2 Wheat., 1.
The seizure of the vessel mentioned in the case of Slocum v. Mayberry, stood upon ground different from that upon which, the detention of the cargo stood. The seizure and detention of the vessel were by virtue of an act of Congress, and a suit for the seizure or detention could not be sustained in the State Court. The reason is obvious. The act of Congress authorized, umjer certain circumstances, the seizure and detention of the vessel; and the vessel, when seized, was within the jurisdiction of the Federal Court. The question, then, whether the grounds of the seizure'were valid or not, was to be decided by the Court within whose jurisdiction the vessel was; that is, by the Federal not a State Court. But there was no act of Congress authorizing the marshal, under any circumstances, to detain the cargo from the owner of it after a demand. The cargo, therefore, was not within the jurisdiction of the United States Court, and an action of replevin for it could be brought in a State Court.
In the case under consideration, the ground of the complaint is, not that the marshal had improperly exercised his authority in the taking or detaining of goods authorized, under certain circumstances, to be taken or detained by him by virtue of an act of Congress; but that he had not, under any circumstances, a right to take or detain the goods in question; that is, that he had levied the execution on goods belonging, not to the execution-defendants or any of them, but to the *562 claimant. There seems, therefore, to be the same reason for sustaining an action of replevin in a State Court, on the facts assumed in the case before us, as there was for sustaining it in such Court for the cargo, on the facts existing in Slocum v. Mayberry.
Z. Baird, for the plaintiff.
JR. A. Lockwood, for the defendants.
^Believing as we do, and as the above-cited case proves, that replevin might have been brought in the State Court for the goods in question, there seems to be no good reason why the present suit should not also lie in such Court. There is no doubt that if our statute, by giving this suit to try the right of property, merely regulates the mode of proceeding on executions, as the defendants contend, it can have no effect relative to an execution issued by a United States Court, as the statute has not been adopted by an act of Congress, or by the Federal Court under the authority of such act. Wayman v. Southard, 10 Wheat., 1. But this statute was not designed to regulate the mode of proceeding on executions; on the contrary, its only object and effect are to give an additional remedy for the recovery of the possession of goods infa case to which it applies; and the proceeding it authorizes must be considered as standing on the same ground with the action of replevin, except that it requires for its support the additional evidence that the goods were taken under colour of an execution. R. S., 1838, p. 490.
We consider, therefore, that it was necessary for the defendants in this case, as it would have been in replevin, in order to support their objection to the jurisdiction of the State Court, to prove that the goods, by the levy of the execution, were, within the jurisdiction of the Federal Court; and this, as we have endeavoured to show, they failed to do.
We think, for these reasons, that the Circuit Court committed an error in dismissing the suit for want of jurisdiction in the justice.
Per Owriam.—The judgment is reversed with costs. Cause remanded, &c.