MATLOCK *v.* STRANGE.

Trial of the right of property, under the statute of 1852, (2 R. S. p. 493,) can only be had in cases where a justice of the peace issued the exection; and then, the complaint must be filed before the same justice who issued the writ.

The powers of justices of the peace are wholly statutory, and must be strictly pursued.

APPEAL from the *Warren* Court of Common Pleas. *Monday, November* 24.

DAVISON, J.—This was a trial of the right of property commenced before a justice of the peace of *Warren* county. The property was claimed by *Strange*, the appellee, who filed an affidavit wherein it is alleged that he is the absolute owner of fifty-three acres of standing corn, and that one *Cornelius White*, sheriff of said county, had, by virtue of an execution issued from the *Hendricks* Common Pleas, in favor of *Jesse T. Matlock* and against one *Edward Strange*, levied upon the standing corn, &c. *Matlock*, by his attorney, appeared before the justice and resisted the claim. The cause was submitted to a jury who found the right of property to be in the claimant, and that it was worth 556 dollars. Upon this verdict the justice rendered a judgment. The defendant appealed; and in the Common Pleas there was a similar verdict and judgment.

There is a statute, the only one having relation to this mode of trial, which enacts, "That, whenever any personal property shall have been seized by virtue of any writ of execution or attachment, and any person, other than the defendant in such writ, shall file with the justice who issued such writ, or, if the same be levied upon by more than one writ, with the justice who issued the oldest writ so levied, his complaint in writing verified, &c., setting forth the fact of such levy, and stating his claim to said property, &c., such justice shall docket such claim for trial," &c. 2 R. S. p. 493.

This provision requires the complaint to be filed with the justice who issued the writ, when, in the case be-

Nov. Term, 1856.

fore us, the execution was from the Common Pleas. Hence, it is contended that the justice before whom the suit was instituted, had no jurisdiction; and that the Court to which the appeal was taken, was alike unauthorized to hear the cause. The statute to which we have referred, is plainly expressed, and seems to admit of but one construction. It is only in cases where a justice has issued the execution, that a claimant is allowed to adopt the remedy which the enactment provides; and then, he must file his complaint before the same justice who issued the writ. The powers of justices of the peace are wholly statutory and must be strictly pursued. This principle is fully established, and when applied to the case at bar, at once leads us to the conclusion that the above statute conferred upon the justice no jurisdiction of the cause. Still, however, the claimant, upon the facts stated in his complaint, may be entitled to recover, should he pursue the ordinary remedy which the law has provided for the recovery of personal property. 2 R. S. p. 54 *et seq.* The judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. A. Chandler,* for the appellant.

*R. C. Gregory* and *J. Harper,* for the appellee.