*C. C. Nave* and *J. Witherow*, for the appellant.

---

GRIFFIN *v.* MALONY and Others.

The right of property taken upon execution, may be tried before a justice of the peace, without reference to the value of the property as limiting the jurisdiction.

The general statute defining and limiting the jurisdiction of justices does not apply to this special proceeding.

APPEAL from the *Miami* Circuit Court.

WORDEN, J.—This was a proceeding instituted by the appellant against the appellees, before a justice of the peace, to try the right to certain property, claimed by the plaintiff, and levied upon by the defendants on several exe-

cutions, against one *Ferdinand Griffin*, issued by a justice of the peace.

The proceeding seems to have been instituted in accordance with the provisions of ch. 5, 2 R. S. p. 493. The value of the property in controversy exceeded 100 dollars; and on appeal from the justice to the Circuit Court, the cause was dismissed on motion of defendants, because the amount exceeded the jurisdiction of the justice. To this ruling the appellant excepted, and the point thus raised presents the only question before us.

The statutory provisions (so far as the point involved is concerned) are substantially the same in the revisions of 1838, 1843, and the code of 1852. Thus, in each of those statutes, provision is made for the trial of the right of property taken on execution; and they are all silent as to the amount over which justices are to have jurisdiction. R. S. 1838, p. 490.—R. S. 1843, p. 783.—2 R. S. p. 493. So, also, in each of those revisions the general jurisdiction of justices is limited to 100 dollars. R. S. 1838, p. 364, § 18. —R. S. 1843, p. 862.—2 R. S. p. 451, § 10.

In the case of *Hanna* v. *Steinberger*, 6 Blackf. 520, the same question was made and decided. There the value of the goods claimed was 1,350 dollars, and objection was made to the jurisdiction of the justice. The Court say: "The first objection is unfounded. The statute is general, 'that whenever one or more executions shall be levied on any personal property of any person,' &c., 'he may file with any justice,' &c., 'a claim in writing,' &c., and there is no intimation that the trial cannot take place if the value of the goods exceed 100 dollars."

We believe it has been the practice, since the decision in 6 Blackf., to try the right of property taken in execution, before justices of the peace, without reference to the value of the property as limiting the justice's jurisdiction. Such was taken for granted to be the case in *Matlock* v. *Strange*, 8 Ind. R. 57.

We are of opinion, both on principle and the authority of the above cases, that the general statute defining and limiting the jurisdiction of justices, is not applicable to

Nov. Term,
1859.

EAKRIGHT
v.
THE LOGANS-
PORT, &c.,
RAILRO'D CO.

this special proceeding in which the justice is vested with jurisdiction without limitation as to amount. We are strengthened in this conclusion by the fact that the proceeding is not applicable to a case where the property is levied upon by virtue of an execution issued from any other Court than a justice of the peace. In such case, the party claiming the property must seek a different remedy. *Vide Matlock* v. *Strange, supra.* It seems to have been the intention of the legislature to give parties this remedy before a justice, in all cases where property, without reference to its value, has been levied upon by virtue of an execution issued by a justice. It follows that the ruling below was wrong, and the judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*N. O. Ross, R. P. Effinger*, and *H. P. Biddle*, for the appellant.