FIRESTONE *v.* MISHLER.

The remedy for the trial of the right of property, given by chapter 5, 2 R. S. p. 493, *et seq.*, is merely cumulative, and does not forbid resort to the ordinary proceeding in the nature of replevin.

The plaintiff, in an action in attachment, is a proper party defendant in an action to try the right of property levied upon under the attachment writ, where he had assumed the control of the writ, and directed the officer as to its execution.

APPEAL from the *Elkhart* Common Pleas.

HANNA, J.—Suit to recover possession of personal property. *Firestone* had caused an attachment to issue against the property of a person, other than the appellee, which was, by the officer, levied on the property in dispute. The officer notified *Mishler* of such facts. In two paragraphs of the answer, these facts are pleaded. One paragraph was decided to be bad on demurrer, and the other was not noticed. By the demurrer, the question is presented, whether, after the motion given, the appellee was confined to the proceeding, to try the right of property, provided in chap. 5, 2 R. S. p. 493–7? See, also, sec; 169, p. 67. Or whether he was also entitled to resort to the ordinary proceeding in the nature of replevin?

We are of opinion that the remedy given in chap. 5 was intended to protect the officer, who acted in good faith, and

purchasers at sales under such proceedings; but that so far as the plaintiff in the writ is concerned, it is merely cumulative.

A question is made as to whether the appellant is the proper party defendant. The lower Court said to the jury, whether rightfully or not, we need not inquire, that, if the officer had seized, by virtue of the writ, the property of a third person, by mistake, he alone was the proper party defendant, in an action to recover the same. The charge given, and that refused, do not therefore involve that question, but do involve the question whether the plaintiff, in the writ, is a proper party defendant in such suit, in an instance where he had assumed control of the writ, and directed the officer as to its execution; which direction had been followed. Without doubt, the plaintiff, in the attachment, was, under the circumstances named in the instructions, a proper party defendant. Whether the officer should have been joined, is not made a question in due time and proper form.

*Per Curiam.*—The judgment is affirmed, with costs.

*Heath & Howe,* for the appellant.