## Test et al. *v.* Beeson et al.

Justice of the Peace.—*Disqualified.*—*Jurisdiction.*—A judgment was obtained before a justice of the peace, and the docket of the justice legally passed into the hands of another justice, and execution issued by the latter justice was levied on property as that of the execution defendant, and proceedings were brought to try the right of property before another justice, on the ground that the one who issued the execution was related to the plaintiff, and, therefore, refused to take jurisdiction.

*Held,* that where the justice of the peace who issued the execution is disqualified from acting, and has no successor, there is no jurisdiction in any other justice to act.

APPEAL from the Wayne Circuit Court.

WORDEN, C. J.—Beeson, one of the appellees, recovered a judgment against one Thomas Sivvee, before Cornelius Thornburg, a justice of the peace of Wayne county. Afterward the docket of justice Thornburg went into the legal custody of William Chamness, a justice of said county, who issued an execution upon the judgment, which was placed in the hands of Lamb, the other appellee, a constable, for service. Lamb levied the execution upon certain property as the property of Sivvee. The appellants, Test and Test, claiming the ownership of the property, instituted this proceeding for the trial of the right thereof, under the provisions of the statute on that subject (2 G. & H. 632), before John Davis, another justice of said county. The reason assigned for instituting the proceeding before justice Davis, instead of justice Chamness, who issued the execution, was that Chamness was a relative of Beeson, viz., a cousin within the prohibited degree, and that he refused to entertain jurisdiction of the cause. Such proceedings were had before justice Davis as led to an appeal to the circuit court, where the cause was dismissed for want of jurisdiction in justice Davis. The appellants excepted, and bring the cause to this court for revision.

The first section of the statute above cited provides, "that whenever any personal property shall have been seized by virtue of any writ of execution or attachment, and any person, other than the defendant in such writ, shall file with the justice who issued such writ, or if the same be levied upon by more than one writ, with the justice who issued the oldest writ so levied, his complaint in writing, verified by affidavit, setting forth the fact of such levy, or seizure, and stating his claim to said property, and the nature of such claim, whether absolute or conditional, such justice shall docket such complaint for trial; and the same shall be tried and determined, and continuances granted, and changes of

venue awarded, and all other proceedings had thereon as in other civil complaints before justices."

By this provision it will be seen that the complaint for such purpose is to be filed with the justice who issued the writ on which the levy is made, or if made on more than one writ, then with the justice who issued the oldest writ.

Perhaps the reason of requiring the complaint to be filed with the justice who issued the writ was, that the plaintiff in the writ, and especially the officer who has it to serve, who is required to be made a party to the proceeding, should not be required to go to a forum where the writ was neither issued nor returnable, to defend such proceeding. There seems to us to be much propriety in confining the jurisdiction in such cases to the court in which the writ issues and is returnable. Perhaps the successor of a justice who had issued the writ, but who had gone out of office before any question arose, and where the writ would be returnable to such successor, would be deemed the justice who issued the writ, within the spirit of this statute. On this point, however, we intimate no opinion.

This statute is a separate act and not connected with the general statute regulating the powers and duties of justices of the peace. The jurisdiction of justices as to amount, under this act, is not limited by the general statute. *Griffin* v. *Malony,* 13 Ind. 402.

By the general statute a justice has no jurisdiction where he is "related by blood or marriage to either party." 2 G. & H. 579.

The question here, however, is not whether justice Chamness, who issued the writ, was disqualified to act in the cause, but whether justice Davis had jurisdiction. We decide nothing as to the disqualification of justice Chamness to act in this special proceeding; but conceding that he was disqualified, it does not follow that another justice of the peace could, therefore, step into his shoes and exercise the jurisdiction thus specially conferred upon the justice who issued the writ.

We are not aware of any statute authorizing another justice to act where the justice who issued the writ is disqualified, or dead, or otherwise rendered unable to exercise the jurisdiction thus conferred.

If we hold that justice Davis had jurisdiction of this cause, we must do it on the broad ground that where jurisdiction is conferred on one tribunal only, and that tribunal is disqualified to exercise the jurisdiction in a particular instance, another tribunal may step in and exercise the jurisdiction in that instance. There is no authority for such doctrine.

If justice Chamness was incompetent to act in the premises, then there was no forum provided in which the appellants could enforce this particular remedy. This, however, was no great hardship, as they had ample remedies outside of the provisions of the statute in question.

We concur with the court below in the opinion that justice Davis had no jurisdiction of the cause.

The judgment below is affirmed, with costs.

*J. P. Siddall* and *C. H. Burchenal*, for appellants.

