## DAVIS *v.* WARFIELD ET AL.

PRACTICE.— *Ground of Decision.*—Where the ground of the decision on a motion does not appear, there must be a bill of exceptions presenting the ground on which the ruling was based, in order to present any question thereunder to the Supreme Court.

SAME.—*Motion in Arrest.—Defects in Affidavit.*—A motion in arrest of judgment does not reach defects in an affidavit for writ of replevin.

REPLEVIN.—*Title.*—In replevin, the plaintiff must rely upon his own title, and not upon the want of title in his adversary.

PLEADING.—*Evidence.—Title.*—In replevin, under a general denial the defendant may show title in a third person; and therefore an additional paragraph alleging such fact amounts to an argumentative denial.

ATTACHMENT.—*Statute Construed.*—Section 169, 2 G. & H. 143, requiring any person other than the defendant, claiming attached property and having notice of the attachment, to assert his title, applies only to proceedings before a justice of the peace.

APPEAL from the Cass Common Pleas.

WORDEN, J.—Replevin by the appellees against the appellant. Issue, trial, verdict, and judgment for the plaintiffs.

The complaint, which was duly verified, alleged that the plaintiffs were the owners of the property described, and entitled to the possession thereof, setting out the "appraised" value of the same, "of which the defendant has wrongfully taken possession without right, and which is unlawfully detained from them by the defendant; and that the same has not been taken by virtue of any execution or other writ against the plaintiffs; wherefore," etc.

An entry of the clerk upon the order book shows that the defendant moved to quash the writ and dismiss the action, but the motion was overruled. The ground upon which the motion was based, or upon which the court acted in overruling it, does not appear. There is no bill of exceptions showing either.

There was no affidavit separate from the complaint, nor is it claimed that there need to have been, if the complaint, properly verified, alleged all the facts necessary to be stated by affidavit in order to the issuing of the writ. *Dunn* v. *Crocker*, 22 Ind. 324.

It is objected here that the complaint, as an affidavit, is defective, in not stating that the property had "not been taken for a tax, assessment, or fine, pursuant to a statute, or seized under an execution or attachment against the property of the plaintiff," etc., and in not stating the "estimated" instead of the "appraised" value of the property; also, in not stating the county in which the plaintiffs believed the property to be detained. 2 G. & H. 129, sec. 129. Hence it is urged that the court erred in overruling the motion.

But how do we know, in the absence of a bill of exceptions, that the supposed defects were pointed out to the court below, or made the ground of the motion, or upon what ground the court acted in overruling the motion? For aught that appears, the motion may have been made and overruled without the attention of the court being called to the supposed defects at all. Again, the motion may have been overruled because, in the opinion of the court, it came too late; for the record shows that before the motion was made, the defendant had been ruled to answer. An appearance to the action, without objection to the writ or affidavit on which it was founded, may have been held to be a waiver of any objection. As the ground of the decision does not appear, the ground of objection cannot appear without bill of exceptions. 2 G. & H. 209, sec. 346.

The defendant also moved in arrest of judgment. Defects in the affidavit could not be reached by such motion. Defects in an affidavit for writ of replevin are undoubtedly waived by an appearance to the action and taking steps in reference to the merits, just as defects in process are waived in any other action. The complaint was abundantly good, as a complaint (see form 13, 2 G. & H. 376), and this was as far back as the court could look on a motion in arrest, the defendant having pleaded thereto. The defendant answered:

1. General denial.

2. That the property was seized, and is held by him, as sheriff of Cass county, by virtue of certain proceedings in attachment in the Cass Circuit Court, wherein one John B.

Clary was plaintiff and one Samuel H. Warfield was defendant; that the proceedings in attachment have resulted in a judgment ordering the property to be sold, and that an order for sale was issued to the defendant. The record in the attachment suit is set out, and it is alleged that the property was the property of said Samuel H. Warfield. It is further alleged in the answer, that "the plaintiffs had full and complete knowledge and notice of all said attachment proceedings before said judgment; that they stood quietly by and allowed said Clary to obtain judgment as aforesaid, and obtain a lien on said property; they were not defendants in said attachment suit, and did not proceed to or take any steps to try their right to or in said property, as in cases of property taken in execution; wherefore," etc.

A demurrer was sustained to the second paragraph of the answer for the want of sufficient facts, etc., and the defendant excepted. The question presented by this ruling is the only remaining one arising in the record.

It is insisted that whether the paragraph be held good or otherwise, in respect to its other averments, it must be deemed good as alleging that the property belonged to Samuel H. Warfield.

The fact thus pleaded, however, was covered by, and admissible in evidence under, the general denial. In replevin, as in ejectment, the plaintiff must rely upon his own title, absolute or qualified, and not upon the want of title in his adversary. Under the general denial, the defendant can offer any evidence tending to show a want of title in the plaintiff; and hence he may show that such title is in a third person. The fact pleaded was only an argumentative denial of a fact which the plaintiffs, under the general denial filed, were bound to prove in order to make out their case, viz., title in themselves. As the general denial was filed, under which the plaintiffs were bound to establish title in themselves, no harm resulted to the defendant from the ruling in question, unless the paragraph should have been held good on other grounds.

But it is claimed that the plaintiffs, they having had notice of the proceedings in attachment, were bound to institute proceedings for the trial of the right of property, or be barred of any remedy.

The position is based upon the following statutory provision found in the code, in relation to proceedings in attachment:

"Whenever any person, other than the defendant, shall claim any property attached, the right of property may be tried as in cases of property taken in execution, and the claimant, having notice of the attachment, shall be bound to prosecute his claim as in such cases, or be barred of his right." 2 G. & H. 143, sec. 169.

The code confers jurisdiction upon justices of the peace in cases of attachment, where the amount claimed is within their jurisdiction. *Id.* 150, sec. 196.

Eight days before the passage of the code, the legislature had passed an "act authorizing proceedings to try the right of property, seized by virtue of any writ of execution, or attachment, and claimed by any person other than the execution or attachment-defendant." 2 G. & H. 632.

This is the only statute on the subject. Supposing the case to be governed by this statute, it would seem to be necessary that the notice to a claimant should be in writing, in order that he be barred. *Id.* 635, secs. 17, 18. In this view, the notice alleged in the paragraph of the answer under consideration can hardly be sufficient.

But we do not put the case on the ground that the notice is not averred to have been in writing. We are led to inquire what mode is provided for the trial of the right of property taken in execution?

There is no statute whatever making such provision, except that, the title to which is above set out; and that relates exclusively to proceedings before justices of the peace. *Matlock* v. *Strange*, 8 Ind. 57; *Griffin* v. *Malony*, 13 Ind. 402. It makes no provision whatever for the trial of the right of property where it has been levied upon or seized by process of execution or attachment issued from the circuit

or common pleas courts. There is no provision made for the trial of the right of property in such case as the present, the process of attachment having issued from the circuit court. The plaintiffs cannot be barred for a failure to resort to a remedy inapplicable to their case.

We must construe these statutes together, and hold section 169, above quoted from the code, as applicable to cases only where provision is made for the trial of the right of property, viz., where it is taken on process issued from justices of the peace. It follows that the plaintiffs could resort to the remedy adopted in this case.

No error was committed in sustaining the demurrer.

The judgment below is affirmed, with costs.

*D. B. McConnell* and *H. C. Thornton,* for appellant.

*D. C. Justice,* for appellees.