IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1897, IN THE EIGHTY-SECOND YEAR OF THE STATE.

---

### WRIGHT *v.* SHELT.

[No. 2,295. Filed Nov. 2, 1897. Rehearing denied Jan. 5, 1898.]

EVIDENCE.—*Agreed Statement of Facts.—How Brought into Record.* —An agreed statement of facts is not an agreed case under the statute by reason of it being certified as such, but when such statement is mere evidence in the cause, it must be brought into the record by a bill of exceptions. *pp. 2, 3.*

ACTION.—*Property Seized on Execution.—Trial of Rights Of.—Exclusive Remedy.*—The failure of a person claiming the ownership of property. after having received notice of the seizure of the same as provided by sections 1613, 1614, Burns' R. S. 1894 (1545, 1546, R. S. 1881), to institute proceedings to try the right to such property as therein provided, will constitute a bar to any subsequent action against the officer seizing the property for the recovery thereof. *pp. 3-7.*

REPLEVIN.—*Notice.—Description of Property.*—A notice pleaded in answer to a complaint for the replevin of a cow seized by an officer under a writ of execution, which describes the property as "one brindle heifer supposed to be four years old," does not contain a sufficient description of the property to protect such officer under sections 1613, 1614, Burns' R. S. 1894 (1545, 1546, R. S. 1881), providing the time and manner of the trial of the rights of property seized on execution, where the complaint described the property as "one cow, red in color, with brindle stripes and partly white tail, dehorned, and about three years old." *pp. 7, 8.*

From the Elkhart Circuit Court.    *Affirmed.*

*John M. Van Fleet* and *Vernon W. Van Fleet,* for appellant.

*R. M. Johnson* and *J. L. Harman,* for appellee.

ROBINSON, J.—This appeal is taken from a judgment awarding the possesion of certain personal property to appellee.    The only question discussed by counsel for appellant is the refusal of the court to give an instruction requested by appellant.

Counsel for appellee insist that the evidence is not in the record for the reason that it does not appear that the bill of exceptions containing the evidence was filed in the clerk's office.

After setting out a bill of exceptions containing the instruction refused, the record recites that "said defendant also files his bill of exceptions containing the evidence as follows."    Following this is a transcript of the evidence containing all the evidence given in the cause, with the certificate of the short-hand reporter and the signature of the judge.    In the final certificate the clerk certifies "the above and foregoing to be a full, true, and complete transcript of the papers and entries in said cause as stated in the precipe, and also transcript of evidence as the same appear of record at my office on this date."

It appears that sixty days were given in which to file a bill of exceptions, and that a transcript was made out and certified by the clerk within the sixty days, and that this transcript contains a bill setting out the evidence.    Although the certificate of the clerk may not be in the usual form, yet we think it affirmatively appears from the record that the bill of exceptions containing the evidence was filed.

The agreed statement of facts in this case does not make it an agreed case under the statute, although

Wright *v.* Shelt.

the agreed facts are verified as under an agreed case. The agreed statement of facts in this case is mere evidence which must be brought into the record by a bill of exceptions. *Citizens Ins. Co.* v. *Harris,* 108 Ind. 392.

The agreed facts show in substance, that on the 12th day of August, 1895, the appellant was a duly qualified constable of Washington township, in Elkhart county; that on the 13th day of August he levied upon and took possession of the cow in dispute as the property of Amandus Shelt, husband of appellee; that after such levy the constable doubted whether or not appellee was the owner of or had some claim to said property, and on said day he duly gave notice in writing to appellee that by virtue of an execution delivered to him by Darwin H. Johnson, a justice of the peace of Washington township, he had levied on "one brindle heifer supposed to be four years old." taken as the property of Amandus Shelt to satisfy a judgment in favor of William A. Kantz and Charles E. Adams and that if she had any claim on said property she should appear before said Johnson within twenty days and make good such claim;that at the time of giving said notice appellee was within and a resident of said Washington township, and has so remained ever since; that appellee did not institute proceedings to try the right of property, or claim the possession of said cow under the act known as section 1579, Burns' R. S. 1894, but that on the 15th of August, 1895, she brought this proceeding in replevin before said Owen A. Reed, a justice of peace in said township; that this is the only proceeding brought by her; that she claims that she is the absolute owner of said cow.

This statement of facts was read in evidence and raises a question upon the assignment in the motion

for a new trial that the verdict of the jury is contrary to law. The instruction as requested by appellant and refused is as follows: "If you find from the evidence that the defendant on the 12th day of August, 1895, was then and ever since has been a constable of Washington township, Elkhart county, State of Indiana, and that on the 13th day of August, 1895, he, by virtue of an execution issued upon a judgment duly given by Darwin H. Johnson, a justice of the peace of said township, levied on and took into his possession the cow in dispute in this action as the property of Amandus Shelt, and that, after levying on and seizing said cow by virtue of said execution said constable doubted whether or not the plaintiff herein was the owner of or had some claim to said property, and that said constable on the 13th day of August, 1895, in said township gave notice in writing to the plaintiff herein that he had seized said property, describing the same, and stating by virtue of what process he had seized it, and requiring the plaintiff herein, if she had any claim or right thereto to assert the same by law within twenty days; and if you further find from the evidence that the plaintiff herein at the time of giving said notice was within and a resident of said Washington township and has so remained ever since, and if you further find from the evidence that the plaintiff herein brought this action of replevin after said notice was given, then the court instructs you that this action of replevin cannot be maintained, and you should return a verdict for defendant."

Sections 1613 and 1614, Burns' R. S. 1894, read as follows: "When any officer has seized any personal property by virtue of any execution or writ of attachment, and doubts whether some person, other than the execution or attachment defendant, is not the owner of or has some claim to such property, he may

give notice, in writing, to all such persons that he has seized such property, describing the same, and stating by virtue of what process he has so seized it, and requiring such persons, if they have any claim or right thereto, to assert the same, by law, within twenty days.

"Any person notified as in the last preceding section, who shall not, within twenty days after receipt of such notice, if he be within the state, or forty days if he be without the state, when he receives the same, institute proceedings under this act, to try the right of such property, and prosecute the same to final judgment, with reasonable diligence, shall forever bar any action against such officer or the purchaser of such property on account of the same; *Provided, however*, That if, previous to the receipt of such notice, such claimant may have instituted any other suit to assert his right to such property, he may prosecute the same to final judgment."

The "proceedings under this act" referred to in section 1614, *supra*, are set out in section 1597, Burns' R. S. 1894, which provides that, whenever any personal property shall have been seized by virtue of any writ of execution, and any person other than the defendant in such suit shall file with the justice who issued such writ his verified complaint setting forth the fact of such levy, and stating his claim to such property, such justice shall docket such claim for trial, and the same proceedings had as in other civil complaints before justices.

Appellee argues that litigants have their choice of remedies, and can proceed under the above sections or under the replevin act, and that the remedy given by these sections is but cumulative. But the remedies are not cumulative in all respects. Under the replevin act, if the value of the property sought to be

recovered and the damages claimed exceed $200.00 the justice will not have jurisdiction, while under the above sections the jurisdiction of the justice is unlimited as to amount. *State, ex rel.,* v. *Forry,* 64 Ind. 260; *Griffin* v. *Maloney,* 13 Ind. 402; *Test* v. *Beeson,* 37 Ind. 380.

In *Test* v. *Beeson, supra,* Beeson recovered a judgment against one Sivvee, before justice of the peace Thornburg. Afterwards Thornburg's docket went into the legal custody of justice Chamness, who issued an execution which was placed in the hands of a constable for service and under which a levy was made on certain property of Sivvee. Test claimed to own the property and instituted proceedings under the rights of property act before justice Davis, another justice of the same county. The reason assigned for instituting the proceedings before justice Davis was that Chamness and Beeson were related. Beeson the judgment creditor and the constable were made defendants. After a trial before justice Davis an appeal was taken to the Circuit Court, where the cause was dismissed for want of jurisdiction in justice Davis. In affirming the judgment, the Supreme Court, after quoting the first section of the statute (2 Gavin & Hord, p. 632, section 1613, Burns' R. S. 1894), said: "By this provision it will be seen that the complaint for such purpose is to be filed with the justice who issued the writ on which the levy is made, or if made on more than one writ, then with the justice who issued the oldest writ.

"Perhaps the reason of requiring the complaint to be filed with the justice who issued the writ was, that the plaintiff in the writ, and especially the officer who has it to serve, who is required to be made a party to the proceeding, should not be required to go to a forum where the writ was neither issued nor return-

able, and defend such proceeding.    There seems to us
to be much propriety in confining the jurisdiction in
such cases to the court in which the writ issues and is
returnable."

In *Firestone* v. *Mishler*, 18 Ind. 439, the question was
whether the party was confined to this statutory pro-
ceeding (ch. 5, 2 R. S. 1852, p. 493) to try the right of
property, or whether he was entitled to resort to the
ordinary proceeding in the nature of replevin.    The
court said:    "We are of opinion that the remedy
given in chap. 5 was intended to protect the officer,
who acted in good faith, and purchasers at sales under
such proceedings; but so far as the plaintiff in the writ
is concerned, it is merely cumulative."

Reasoning from these cases and the wording of the
statute, it was evidently the intention of the legisla-
ture to provide an exclusive remedy for the recovery
of property where the action is against the officer
alone.    Had the execution plaintiff been made a
party defendant with the officer the case of *Firestone*
v. *Mishler*, *supra*, would be in point.    But the officer
in the case at bar is made sole defendant, and in such
case, where he gives the statutory notice, there is no
good reason to deny him the protection given by the
statute.    But did appellant in the notice given com-
ply with the statute.    We think he did not.

In the complaint the property is described as "one
cow, red in color, with brindle stripes, and a partly
white tail, dehorned, and about three years old."    In
his first paragraph of answer, he alleges that he levied
upon and took into his possession the cow now in dis-
pute, and then embodies in the answer the notice
given appellee and in this notice the property is de-
scribed as "one brindle heifer supposed to be four
years old."    It does not appear that this was the only
animal levied upon, nor that it was the only one owned

by the parties.    There is no averment that in any way reconciles the variance in the two descriptions.

The object of the notice is to call the attention of the party to the specific property levied upon.    We see no good reason for requiring less particularity in describing the property in such a notice, than is required in describing the property in a complaint seeking the recovery of its possession.    It cannot be said that the description of the property contained in the notice would enable an officer to find and take into his possession the property described in the complaint. *Smith* v. *Stanford*, 62 Ind. 392.    Judgment affirmed.