## McFerran et al. *v.* Swaynie.

[No. 7,538.  Filed April 2, 1912.]

1. JUSTICES OF THE PEACE.—*Execution.*—*Claims of Third Persons to Property Levied On.*—*Remedy.*—Where personal property is seized by virtue of an execution, and a person other than the execution defendant owns or has some interest in it, he may have his right thereto tried and determined, as provided by §1820 Burns 1908, §1529 R. S. 1881, by filing with the justice of the peace issuing such writ his verified complaint stating the nature of such claim, and under §1837 Burns 1908, §1546 R. S. 1881, if he is a resident of this state and fails to assert his claim within twenty days after receiving from the officer seizing the property, a notice as provided by §1836 Burns 1908, §1545 R. S. 1881, he is thereafter barred from doing so, unless before receipt of such notice, he has instituted a suit to assert his right.  p. 52.

2. REPLEVIN.—*Action by Third Person to Recover Property Levied On.*—*Parties Defendant.*—Where an execution plaintiff assumed control of the writ issued on a judgment had before a justice of the peace and directs the officer as to its execution, he is a proper party defendant with the officer in an action brought by a third person to replevy the property levied on.  p. 53.

3. JUDGMENT.—*Arrest of Judgment.—Overruling Motion.*—Where the complaint stated a cause of action against all defendants, and the verdict and judgment was against all of them, and no error appeared on the face of the record sufficient to vitiate the entire proceedings, the court properly overruled defendant's several motions in arrest of judgment. p. 53.

4. COURTS.—*Jurisdiction.—Superior Court.—Action to Replevy Property Taken on Execution Issued by Justice of the Peace.*— Where an execution plaintiff assumed control of an execution issued on a judgment had before a justice of the peace and directed the constable in making a levy, an action in replevin against the execution plaintiff and the officer, by one claiming to be the owner of the property levied on, was properly brought in the superior court. p. 55.

5. OFFICERS.—*Constable.—Levying Execution by Deputy.—Liability.*—Where an execution was levied by the deputy of a constable in the name of and by virtue of the authority vested in such constable, the levy was the act of the constable, and a verdict for plaintiff in an action against such constable and the execution plaintiff to replevy the property levied on will not be disturbed because the evidence fails to show that such constable was personally active in making the levy. p. 55.

From Carroll Circuit Court; *James P. Wason,* Judge.

Action by Lydia J. Swaynie against J. Dale McFerran and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Charles F. Thompson* and *Rochester Baird,* for appellants.

*Charles R. Pollard* and *Charles E. Luke,* for appellee.

MYERS, J.—This was an action in replevin brought by appellee against appellants in the Superior Court of Tippecanoe County. On change of venue the cause was sent to the Carroll Circuit Court, where the issues were submitted to a jury, and a verdict returned that appellee was the owner and entitled to the possession of the property described in the complaint, stating its value and assessing damages in her favor.

The separate motion of each appellant for a new trial, assigning as reasons in support thereof that the verdict of

the jury is not sustained by sufficient evidence, and that it is contrary to law, also their separate motions in arrest of judgment, were overruled, and judgment rendered in favor of appellee and against appellants in accordance with the verdict, except as to the damages, which appellee remitted. These assignments of error, and the reasons in support thereof, cover the field of discussion and points made by counsel.

Briefly stated, it is the theory of appellants that the facts in this case bring it within the provisions of §§1820, 1836, 1837 Burns 1908, §§1529, 1545, 1546 R. S. 1881, and as appellee failed to pursue the remedy thus given, she was barred from thereafter asserting any claim to the property.

Under §1820, *supra,* where personal property is seized by virtue of an execution, and a person other than the execution defendant owns or has some interest in it, he may

1. have his right thereto tried and determined, by filing with the justice of the peace issuing such writ a complaint verified by affidavit stating the nature of such claim. And under §1836, *supra,* the officer seizing property on an execution issued by a justice of the peace, which he has reason to believe is not owned by the execution defendant, or that another person has some claim to it, may give such person notice in writing, stating the facts required by this section, and if the person so notified be a resident of this State, and does not assert his claim in the manner provided by §1820, *supra,* within twenty days, as provided by §1837, *supra,* he is thereafter barred from doing so, unless, before receipt of such notice, such claimant has instituted suit to assert his right. *Patterson* v. *Snow* (1900), 24 Ind. App. 572, 57 N. E. 286.

This court, on a consideration of these sections of the statute, held that it "was evidently the intention of the legislature to provide an exclusive remedy for the recovery property where the action is against the officer alone." *Wright* v. *Shelt* (1898), 19 Ind. App. 1, 48 N. E. 26. In the

case at bar, the execution plaintiff was made a party 2. defendant along with the officers, principal and deputy, serving the writ. Under such circumstances, the case last cited holds that the case of *Firestone* v. *Mishler* (1862), 18 Ind. 439, is in point. In that case the question was, whether the plaintiff, in an action of replevin for personal property taken in an action in attachment, was confined to the proceeding to try the right of property according to the particular sections of the statute, "or whether he was also entitled to resort to the ordinary proceeding in the nature of replevin." The court held, that the remedy thus given "was intended to protect the officer, who acted in good faith, and purchasers at sales under such proceedings; that so far as the plaintiff in the writ is concerned, it is merely cumulative." In that case the point was also made that the attachment plaintiff was not a proper party. It appeared there, as here, that the attachment plaintiff had assumed control of the writ, and directed the officer as to its execution. Under these circumstances, it was held that the plaintiff in the attachment action was a proper party.

The complaint is in the ordinary form, and contains the usual allegations in cases of replevin. To this complaint appellants separately answered by a general denial, and by affirmative facts in bar of the action. No question is presented on these answers, consequently we give them no further attention.

The complaint states a cause of action against all the appellants, and the verdict and judgment being against all of them, and no error appearing on the face of the 3. record sufficient to vitiate the entire proceedings, no error intervened in overruling the several motions in arrest. *Boor* v. *Lowrey* (1885), 103 Ind. 468, 3 N. E. 151, 53 Am. Rep. 519; *Paddock* v. *Watts* (1888), 116 Ind. 146, 18 N. E. 518, 9 Am. St. 832; *Westfield Gas, etc., Co.* v. *Abernathy* (1893), 8 Ind. App. 73, 35 N. E. 399.

The remaining questions relate to the sufficiency of the

evidence. Was the execution plaintiff a proper party defendant? Does the evidence support the verdict?

From the evidence, practically undisputed, it appears that in March, 1909, appellant McFerran, before James Davidson, a justice of the peace, in Fairfield township, Tippecanoe county, Indiana, recovered a judgment for $75.65 and costs against William Miller and John R. Swaynie. On March 20, 1909, said justice issued an execution on said judgment, and delivered the same to appellant John Tankersley, a duly qualified and acting constable of said township, who thereafter delivered the same to his duly appointed and authorized deputy, appellant Job H. Killen, who, on April 27, by virtue of said writ, seized and took into his possession, as the property of John R. Swaynie, the horses which are the subject of this action. At the time the horses were so seized, they were hitched to a breaking plow in charge of Charles Swaynie, a son of appellee, who was engaged in plowing on her farm. When Killen made the levy, he was accompanied by the execution plaintiff McFerran, Harry Baugh, who testified that one-half of the judgment belonged to him, and Mr. Crockett, an attorney. McFerran and Baugh assisted Killen in removing the horses from the farm to a barn in the city of Lafayette, in which McFerran kept his horses, and where Killen left them. On the same day, but after the levy, appellee notified Killen and the parties so assisting him that the horses belonged to her, and demanded that they be released to her, all of which was refused. On April 27, and after the demand aforesaid, appellant Tankersley, by his deputy, Killen, gave appellee notice in writing, stating the facts as to the levy, etc., as required by §1836, *supra*. On April 28, 1909, this suit was commenced, and a writ of replevin issued to the sheriff of Tippecanoe county, who, on the next day—April 29—pursuant to said writ, took possession of said horses. On April 30 appellant McFerran gave bond as required by law in such cases, and the sheriff delivered the horses to him. Since that time McFerran sold one of

McFerran *v.* Swaynie—50 Ind. App. 50.

the horses for $120. Appellee is the wife of the execution defendant, John R. Swaynie, and a resident of this State.

There. is evidence from which the jury was authorized to find that appellee, prior to the rendition of said judgment, was, and ever since that time has been, the owner of said horses, and entitled to their possession. There is also evidence tending to prove that the execution plaintiff, McFerran, assumed control of, and directed the officer in making the levy on the property in question, and that all of appellants were acting together, with the ultimate purpose and common object of satisfying said judgment and costs by sale of the horses in due course, on execution.

4. Under this evidence, according to the authorities cited, the execution plaintiff was a proper party, and the superior court had jurisdiction.

As to appellant Tankersley, it is true the evidence does not show that he was personally active in this matter, except through the medium of his duly appointed and qualified deputy. The levy in question and the notice given to appellee were acts done in the name of, and by virtue of the authority vested in Tankersley as a duly appointed, qualified and acting constable of Fairfield township. It was his act, but executed by another. When appellee made her demand for the horses, and, as the evidence shows, tried to take them by force, Killen and his associates interfered, and prevented her from retaking them. We cannot say that either the verdict of the jury, or the judgment is not supported by satisfactory evidence.

Judgment affirmed.

Note.—Reported in 98 N. E. 135. See, also, under (1) 17 Cyc. 1201; (2) 34 Cyc. 1425; (3) 23 Cyc. 824; (5) 35 Cyc. 1618. As to parties defendant in actions of replevin, see 80 Am. St. 751. As to the right to maintain replevin for goods seized under process against another, see 7 Ann. Cas. 907; 11 Ann. Cas. 302.