Wayne Township v. Jeffery.

---

### WAYNE TOWNSHIP v. JEFFERY ET AL.

[No. 3,945.   Filed October 14, 1902.]

ANIMALS.—*Damages for Sheep Killed by Dogs.*—The provision of §2859 Burns 1901 relative to the payment to the owner by the township trustee for damage to live stock by dogs, that the owner shall report the damage to the trustee of "his township," means the township in which the animals are damaged. *pp. 576, 577.*

SAME.—*Sheep Killed by Dogs.*—*Damages to Dealer.*—The right to compensation for sheep killed by dogs is not limited to persons engaged in the business of sheep raising, but applies equally to persons engaged in buying and selling sheep. *pp. 577, 578.*

From Marion Superior Court; *Vinson Carter,* Judge.

Action by Thomas A. Jeffery and others, against Wayne Township for damages for sheep killed by dogs. From a judgment for plaintiffs, defendant appeals. *Affirmed.*

*H. N. Spaan,* for appellant.
*A. C. Ayers, A. Q. Jones* and *J. E. Hollett,* for appellees.

ROBY, J. — Appellees recovered judgment against Wayne township, Marion county, Indiana, for $190.34 damages on account of injuries to sheep killed, maimed, and crippled by dogs in said township on the 12th, 13th, 14th, 15th, and 16th of June, 1898. The sufficiency of the complaint is not questioned. Appellant's answer was in three paragraphs. (1) General denial. (2) That appellees were not engaged in the business of sheep husbandry at the time the injuries complained of were inflicted, but that they were engaged in the business of buying and selling live stock at the stock yards in the city of Indianapolis; that the sheep in question were consigned to appellees from Louisville, Kentucky, and bought by them on July 9th; that they were not in condition for market, and were put on a farm in said township; that appellees intended to keep them there in pasture for three weeks and then to sell them at the stock yards; and that while so temporarily in pasture they were killed and injured as alleged. (3) That appellees were not engaged in the business of sheep husbandry, but were engaged in the business of buying and selling live stock at the stock yards in Center township, Marion county, Indiana, and that the sheep in question were not owned and raised by appellees as sheep raisers, but were brought into Wayne township temporarily, and that they were to be kept and sold again in the usual course of their business of buying and selling sheep and other live stock at a profit; that while temporarily on a farm in Wayne township, said sheep were killed and injured as set out in the complaint.

Demurrers for want of facts were sustained to the second and third paragraphs of answer, and such action is assigned as error. The propositions relied upon by appellant, and stated in various forms, are, in substance, that the statute by virtue of which the action is maintainable does not apply to sheep brought into the township temporarily and kept, as in the answers set forth, and that appellees' claim,

if they had any, was against Center township, and should have been presented to the trustee thereof instead of to the trustee of Wayne township. There was a motion for a new trial overruled, and such action also is assigned for error. The questions arising upon the motion are not materially different from those arising upon the answers.

The act of 1897, upon which the appellees action depends, provides that moneys derived from the dog tax therein laid shall be used to pay damages sustained by the owners of sheep, cattle, horses, swine, and other live stock or fowls killed, maimed, or damaged by dogs within any township of the State of Indiana. Acts 1897, p. 178, §2857 Burns 1901. A further provision thereof is as follows: "When it shall so occur on the first Monday of March of any year in any township of the State of Indiana that said fund shall accumulate to an amount exceeding $100 over and above orders drawn on the same, the surplus aforesaid shall be paid and transferred to the county treasurer of the county in which such township is located and the fund arising from such surplus from the township of the county shall constitute a county dog fund and shall be distributed among the townships of the county in which the orders drawn against the dog fund exceed the money on hand." Acts 1897, §13, p. 178. "The owners of sheep, cattle, swine, horses, and other live stock or fowls killed, maimed, or damaged by dogs, shall within ten days from the time thereof, report to the trustee of *his township*, under oath, in which he shall state the number and age as he believes, and the value of such stock or fowls so killed or damaged, and the damages sustained on account of such stock or fowls killed or maimed, in which affidavit he must be joined by two disinterested and reputable freeholders or householders." Acts 1897, §12, p. 178, §2858 Burns 1901. It is further specified that the appraisement shall not exceed the actual cash value at which said stock or fowls would have sold if placed on the market at the time

the damage was sustained, and the trustee, deeming the valuation too high, may tender an amount equal, in his judgment, to the damages sustained, and, failing to recover more, the claimant recovers no costs. The act is framed to guard against imposition and over valuation.

To hold that the phrase "his township" means the township in which the claimant's business is principally carried on, or that it has reference to the township where he resides, would be to add greatly to the difficulties and expense of such investigation as the trustee must of necessity make in order to guard the public interest. It is not supposable that the legislature intended the act to apply only to animals owned by one person, and in such a case as the one at bar, where they are owned by three persons, the construction suggested would be impracticable, since the owners might each have a different residence or place of business. The phrase applies quite as well to the township in which the animals are damaged as to any other. To apply it otherwise would be to defeat the purpose of the act to a considerable extent,—something the legislature will not be presumed to have intended to do. Construing the act as a whole, it is apparent that the township where the damage was done is the one in which the claim for compensation should be made, and that the trustee of that township is the one to whom the claim should be presented.

The right to compensation is given to the owner of the animal damaged. There is no limitation of this right to persons engaged in sheep husbandry, or to those engaged in the business of raising sheep. The language used by the Supreme Court in construing a prior statute is applicable, the language of that statute in this regard being identical with that of this one. "Its words are general, and it includes all citizens who are the owners of sheep kept in the township." *Columbia Township* v. *Pipes,* 122 Ind. 239, 240. The statute in force when the case cited was de-

cided, provided for the payment of damages on account of sheep killed and injured by dogs. Acts 1883, p. 148; Acts 1885, p. 161. The act of 1897 is much broader in terms and effect. Its scope is indicated by its title which is as follows: "An act regulating the taxing of dogs and for the protection of sheep, cattle, horses, swine and other live stock and fowls." Acts 1897, p. 178.

The owner of domestic animals and fowls is entitled to protection from the depredations of vicious dogs. His right to be secure in property does not depend upon the use he makes of it, but upon the ownership. The fund out of which compensation is made, in the absence of the security to which the owner is entitled, is made by a tax, or, more properly, a license fee, paid by those responsible for the injury. The length of time such ownership has continued can not be material. The purpose of the owner as to the future disposition of the property does not enter into his right to compensation under the statute. Stock is universally owned and fed with the intention of selling at some future time. There is no public policy demanding the protection of one class of domestic animals to the exclusion of others, and no such discrimination is made by the present statute, whatever might have been said of the Acts of 1881, 1883, and 1885. The answers under consideration show that appellees were the owners of sheep killed and injured in Wayne township by dogs. That such sheep were at the time in pasture for the purpose of being improved in condition. The owners are entitled to the same rights and remedies that other stock owners pasturing and keeping sheep in the township are entitled to.

There was no error in sustaining the demurrers to the answers, and for the same reasons the motion for a new trial was properly overruled. Judgment affirmed.