Columbia Township v. Pipes, et al.

---

No. 15,105.

## COLUMBIA TOWNSHIP v. PIPES ET AL.

ANIMALS.—*Sheep-Killing Dogs.*—*Liability of Township.*—*Statute Construed.*—*Pleading.*—The statute providing for the payment, by a township, for sheep killed and maimed by dogs (Elliott's Supp., sections 444, 445), does not confine the right to recover for sheep killed to persons engaged in sheep husbandry, but includes all citizens who are the owners of sheep kept in the township; and, hence, a complaint which alleges that the sheep killed and injured were owned and pastured on the farm of the plaintiffs in the township is not bad for failing to allege that the plaintiffs were engaged in sheep husbandry, and that the sheep were owned and kept by them in the course of business as sheep raisers.

SAME.—*Sworn Report.*—*Filing.*—*Complaint.*—A complaint in an action founded on the above statute must allege the filing of a sworn statement with the trustee, in compliance with the law.

From the Gibson Circuit Court.

*M. L. Fields* and *J. W. Ewing*, for appellant.

*C. A. Buskirk* and *J. W. Brady*, for appellees.

ELLIOTT, J.—The complaint of the appellees is founded on the statute which provides for the payment by a township for sheep killed and maimed by dogs. Elliott's Supp., sections 444–453. It is alleged that the appellees were the owners of a flock of sheep kept and pastured on their farm in Columbia township; that forty-five sheep were killed, and

forty maimed, by dogs not owned or harbored by the appellees, between the 1st day of May, 1883, and the 1st day of August of that year; that the sheep were killed and injured in Columbia township; that within ten days from the time that the sheep were so injured and killed, the fact was reported to the trustee of the township, and he was notified of the loss sustained by the appellees, and that the trustee registered the losses in the order in which they accrued. The complaint states, in detail, the value of the sheep killed and injured, avers that there was a sufficient fund in the hands of the trustee to pay the sum due the appellees, under the law, and that due demand has been made and payment refused.

It is argued with much ingenuity that the complaint is bad because it does not allege that the appellees were engaged in the business of sheep husbandry, and that the sheep were owned and kept by them in the course of business as sheep raisers. It is contended, with no little plausibility, that the statute was not intended to protect speculators or persons who bring sheep into this State temporarily and while in the course of transit to some market outside of the State, and that the complaint should show that the sheep were not temporarily in this State. We can not add to the statute, since that would be legislation, and to support in full the theory of appellants' counsel we should be compelled to do this, for the statute does not, in express terms, nor by implication, confine the right to recover for sheep killed by dogs to persons who are engaged in the business of sheep husbandry. Its words are general, and it includes all citizens who are the owners of sheep kept in the township. We can not, therefore, restrict its operation to owners of sheep who are engaged in a particular business, or keeping the sheep for a particular purpose. We must take the statute as it is written, for we can neither enlarge nor restrict its operation further than the language warrants.

The appellant's counsel put this illustration: "Suppose

the appellees had bought two thousand head of sheep in Illinois and started with them to Cincinnati to market, and had stopped in Columbia township for a week for rest and pasturage, and half of them had been killed by dogs." We may put a case somewhat stronger : Suppose a drover is on his way to New York with a train laden with sheep, and an accident compels him to take his sheep from the cars and put them temporarily in a pasture along the side of the railroad, would the township be liable for such of the sheep as were killed by dogs? It is evident that the Legislature did not mean that money received from the tax levied upon dogs should be used to pay the owner of sheep kept temporarily in a township under such circumstances as those assumed in the supposed cases stated. The whole scope and tenor of the statute, as well as the object intended to be accomplished, as disclosed by present and past legislation, clearly show that the tax is not to be used to pay owners of sheep which are temporarily in this State on their way to a foreign market. But it does not follow from this that the complaint is bad, for the cases stated are exceptional ones, and it is not necessary for a plaintiff to anticipate and answer exceptional cases. Express exceptions in a statute need not invariably be negatived, although, as is well known, there are cases where statutory exceptions must be negatived, but here there is no express statutory exception. A plaintiff will succeed if he makes a *prima facie* case under a statute containing no express exceptions, and, certainly, the complaint before us, in so far as regards the point under immediate mention is concerned, does make a *prima facie* case under the statute, for it shows that the sheep killed and injured were owned and pastured on the farm of the plaintiffs in the township. We do not believe that it was incumbent upon the plaintiffs to go beyond this and allege that the sheep were not in the township temporarily, and while on their way to market. It is probably true, that if the sheep were being driven

through the township, and a temporary halt was there made, such facts would constitute a valid defence, but the facts must come by way of answer, for the appellant has no right to insist that the defence shall be anticipated in the complaint.

Another objection to the complaint is pressed, and that is, that the appellants did not file a sworn statement with the trustee as the law requires. The statute declares that: " The owners of sheep killed or maimed by dogs shall, within ten days from the time thereof, report to the trustee of his township, under oath, in which he shall state the number, age (as he believes), and the value of the sheep so killed, and damages sustained on account of the maimed; and any person who shall make any false statement of any such matters shall, upon conviction, be fined in any sum not exceeding one hundred dollars, to which may be added imprisonment in the county jail for any term not exceeding thirty days." Elliott's Supp., section 450. The statute in plain terms commands that the owners shall make a report under oath, and we can not conceive how any other report than such as the statute requires can be of any avail. The right asserted by the plaintiffs is purely statutory, and they must do what the statute requires in order to secure the benefit of its provisions. They have no common-law right, and they can have no statutory right unless they do what the statute provides shall be done. A report not under oath is, in legal effect, no report at all, for the only report the law recognizes is such as the statute prescribes.

We can not agree with the appellees' counsel that the provision of the statute requiring the report to be under oath is merely directory. We can, indeed, conceive no valid reason for such a conclusion. It is important that the trustee should have sworn evidence of the claim; it is important to the due distribution of the fund that the claim should be verified, and it is important because it puts a check upon corrupt as well as reckless claimants. But an oath is in all

Columbia Township *v.* Pipes *et al.*

branches of the law regarded as a solemn and an important thing ; a statutory provision requiring it can never be lightly treated, much less entirely disregarded. When the statute says that a report which may form an element in a claim for money shall be under oath, it can not be held that the provision as to the oath is merely directory.

Appellees' counsel say : " But there is nothing in the nature of the trustee's duties, in connection with paying out of the said fund, that it makes it indispensable or essential that the reports made to him should be made under oath." A sufficient answer to this is that the words of the statute make it indispensable. But there are strong reasons why an oath should be required. The trustee does not act for himself, or dispose of his own funds, but he acts in an official capacity, and disposes of trust funds, and there is, therefore, strong reasons why some restraint should be imposed upon him as well as upon the claimants.

For the failure to aver that the report was under oath the complaint must be held bad.

We have considered no question as to the form of the remedy, nor, indeed, any others than those stated, for no others have been argued by counsel.

Judgment reversed.

Filed Feb. 20, 1890.