Abell *et al. v.* Prairie Civil Township of Henry County.

No. 520.

ABELL ET AL. *v.* PRAIRIE CIVIL TOWNSHIP OF HENRY
COUNTY.

TOWNSHIP.—*Liability for Sheep Killed by Dogs.—Common Law Liability.—
Compliance With Statute.*—There is no common law right to indemnity
for sheep killed or injured by dogs, but such right is solely statutory,
and must be asserted in a substantial compliance with the conditions of
the law creating it.

SAME.—Unless the owner of sheep killed or injured make a written re-
port to the township trustee within ten days after the sheep are killed
or injured, the township is not liable; and a verbal report is not suffi-
cient to bind the township, even though the trustee declare it is suffi-
cient.

ESTOPPEL.—*Public Corporation.*—A public corporation can not be estopped
by the conduct of an officer whose duties are defined by law, except to
the extent that such officer is authorized to act for the corporation.

From the Henry Circuit Court.

*J. M. Brown, R. Warner* and *H. C. Ryan,* for appellants.

*D. W. Chambers,* for appellee.

CRUMPACKER, J.—John W. Abell and another sued
Prairie township to recover for sheep killed therein, un-
der the provisions of the act of March 7th, 1883. Ses-
sion laws, p. 148. The defendant had judgment below.
All of the questions discussed by counsel arise upon the
motion for a new trial.

Section 7 of the act under which this suit was brought
requires the claimant to present a written report to the
township trustee, showing, under oath, the number and
value of the sheep killed and the damages sustained on
account of those maimed. Such report shall be made
within ten days after the sheep have been killed or
maimed. There is no common law right to indemnity
from the township for sheep killed or injured by dogs,
but such right is solely statutory, and must be asserted in
substantial compliance with the conditions in the law
creating it. The requirement above noted is mandatory,
and there can be no recovery from the township until it

has been fulfilled.    *Columbia Township* v. *Pipes*, 122 Ind. 239.

In the case before us the evidence showed a total failure upon the part of appellants to make such report, and upon this state of facts the verdict and judgment must have been for appellee, so if the court committed any error during the progress of the trial it must have been harmless.

Appellants made a verbal report within ten days after the sheep were killed, and the trustee gave them to understand that nothing more was required. It is now insisted that the township is estopped by the conduct of the trustee to deny that a sufficient report was made. It was no part of the trustee's duty to prepare the report or to give advice concerning it. His duties are all prescribed by law, and every one is bound to take notice of the extent and scope of his authority. A public corporation can not be estopped by the conduct of an officer whose duties are defined by law, except to the extent that such officer is authorized to act for the corporation.

The judgment is affirmed.

**Filed May 24, 1892.**