## PATTERSON v. SNOW.

[No. 3,071.    Filed May 9, 1900.]

ATTACHMENT.—*Remedy of Third Party Claiming Property Seized.— Statutes Construed.*—A third party making claim to property in possession of a constable under writ of attachment may, under §§1529, 1546 Horner 1897, as construed with §927, assert his claim by bringing an independent action in replevin, unless he has received the statutory notice from such constable before commencing such action.  *pp. 575, 576.*

SAME.—*Notice.*—The fact that a claimant of property attached had actual notice of the seizure did not dispense with the statutory notice required.  *pp. 577, 578.*

From the Hancock Circuit Court.  *Affirmed.*

*Charles Downing, W. A. Hough* and *R. A. Black,* for appellant.

*E. Marsh* and *W. W. Cook,* for appellee.

ROBINSON, J.—Suit by appellee in replevin. As it is admitted by appellant's counsel that the facts alleged in the second paragraph of answer were admitted in evidence and are contained substantially in the special finding, it is not necessary to notice further the ruling of the court sustaining the demurrer to that paragraph. The facts found show that on April 6, 1898, appellee was the owner and in possession of the property in controversy. That at the time appellant levied on the property appellee was in possession, and was the owner, and so informed appellant before the levy. That appellee instituted this suit April 30, 1898. That the property was taken from him by appellant April 7, 1898, and unlawfully detained. That ever since April 30, 1898, appellee has been, and still is, in rightful possession. That April 7, 1898, D. P. Erwin & Company sued one Al-

Patterson *v.* Snow.

bert Johnson before a justice, and procured a writ of attachment against his property, which writ was delivered to appellant, a constable, who on the same day attached and took possession of the property, caused the same to be appraised, and made return April 11, 1898. On April 7th, the justice issued a summons for Johnson to appear April 12th, but the summons was returned "Not found", and thereupon the justice fixed May 30, 1898, for the trial, and caused notice by publication to be given. On May 10, 1898, the justice issued and served a written notice upon appellee, who then claimed to own the property attached and levied upon by the constable, notifying him of the filing and pendency of the proceedings in attachment, and that the trial was set for May 30th. That appellee also had actual notice of the pendency of the attachment proceedings and levy on April 7th, and at the time claimed to own the property. That the trial was had before the justice May 30th, a finding made against Johnson that the property attached was Johnson's property, that appellee had been served with notice more than ten days before the day set for trial, and that he failed to appear and make any claim to the attached property, and judgment was rendered against Johnson, and the property attached ordered sold, which judgment was unappealed from, and is in full force. That the property described in the complaint is the same property set out in the appraisement as the property of Johnson. That appellant, as such constable, held the property at the time the writ of replevin was issued herein by virtue of the writ of attachment, and not otherwise. That appellee was the owner and in possession of the property before the filing of the complaint and the issuance of the writ of attachment before the justice. That appellee instituted this suit, gave the required bond, and had the possession of the property delivered to him by the sheriff long prior to the service of the written notice by the justice of the pendency of the suit before the justice. Upon a conclusion of law in appellee's favor, judgment was rendered.

Sections 1597-1614, inclusive, Burns 1894, §§1529-1546, inclusive, Horner 1897, make complete provision for trying the right of property seized by virtue of any writ of execution or attachment, and claimed by any person other than the execution or attachment defendant. The first section, 1597, reads: "Whenever any personal property shall have been seized by virtue of any writ of execution or attachment, and any person other than the defendant in such writ shall file with the justice who issued such writ (or, if the same be levied upon by more than one writ, with the justice'who issued the oldest writ so levied), his complaint in writing, verified by affidavit, setting forth the fact of such levy or seizure, and stating his claim to said property and the nature of such claim, whether absolute or conditional, such justice shall docket such complaint for trial; and the same shall be tried and determined, and continuances granted, and changes of venue awarded, and all other proceedings had thereon as in other civil complaints before justices." Sections 1598-1612 Burns 1894, inclusive, provide, among other things, for the issuing of summons, what pleadings are required, trial, appeal, effect of the judgment, possession of the property pending such proceedings, form of judgment, and title of purchaser. Under the above sections, 1597-1612 Burns 1894, inclusive, there is nothing preventing the claimant from replevying the property. The remedy given the claimant under these sections may be resorted to by him, or he may bring an independent action. Bringing such claimant into court by virtue of any notice is not contemplated by these sections.

Provision is made for requiring a claimant to come in and litigate his claim by §§1613, 1614 Burns 1894, as follows: "When any officer has seized any personal property by virtue of any execution or writ of attachment, and doubts whether some person, other than the execution or attachment defendant, is not the owner of or has some claim to such property, he may give notice, in writing, to all

such persons that he has seized such property, describing the same, and stating by virtue of what process he has so seized it, and requiring such persons, if they have any claim or right thereto, to assert the same, by law, within twenty days.

"Any person notified as in the last preceding section, who shall not, within twenty days after receipt of such notice, if he be within the State, or forty days if he be without the State, when he receives the same, institute proceedings under this act, to try the right of such property, and prosecute the same to final judgment, with reasonable diligence, shall forever bar any action against such officer or the purchaser of such property on account of the same: Provided, however, that if, previous to the receipt of such notice, such claimant may have instituted any other suit to assert his right to such property, he may prosecute the same to final judgment."

Section 937 Burns 1894, §925 Horner 1897, provides: "Whenever any person other than the defendant shall claim any property attached, the right of property may be tried as in cases of property taken on execution, and the claimant, having notice of the attachment, shall be bound to prosecute his claim as in such cases, or be barred of his right."

It is true, as argued by counsel, that §§937 and 1597 must be construed together. But it is also true that §937 must be construed in connection with §§1597-1614, inclusive. Section 937 contemplates a notice of some kind. It does not appear by whom or when it should be issued or served. The section can be made effective only by construing it in connection with §§1597-1614, which were previously enacted. These sections made provision for trying the right of property seized on execution or by attachment and claimed by some person other than the execution or attachment defendant. They provide by whom and when notice shall be given, and what proceedings shall be had after such notice. There is nothing in §937, standing alone, that authorizes any one to issue any notice.

Construing all these sections together, they mean that a party claiming property seized by virtue of an execution or writ of attachment may file the complaint with the justice issuing the writ, and try the right of property, or he may bring an independent action in replevin; but if, before he brings an independent action, he is served with the statutory notice by the officer holding the writ, he must appear, and institute proceedings under the act, or he will be barred from maintaining any action against the officer or the purchaser of the property. A purely statutory remedy has been given, and the method provided by the statute must be followed.

In *Firestone* v. *Mishler*, 18 Ind. 439, the appellant had caused an attachment to issue against the property of a person other than appellee, and a levy made. The officer making the levy notified appellee of such facts. Two paragraphs of answer pleading these facts were demurred to. The court said: "By the demurrer, the question is presented, whether, after the motion (notice?) given, the appellee was confined to the proceeding to try the right of property, provided in Chap. 5, 2 R. S. p. 493-7. See, also, §169, p. 67. Or whether he was also entitled to resort to the ordinary proceeding in the nature of replevin. We are of opinion that the remedy given in chapter five was intended to protect the officer, who acted in good faith, and purchasers at sales under such proceedings; but that so far as the plaintiff in the writ is concerned, it is merely cumulative."

The chapter five referred to in the above case is §§1597-1614, inclusive, Burns 1894, §§1529-1546 Horner 1897; and §169 referred to is §937 Burns 1894, §925 Horner 1897. The opinion in that case does not say whether the proceedings were in a justice's court or not, but the reasoning of the opinion leads to the conclusion they were. The court had previously held (*Matlock* v. *Strange*, 8 Ind. 57), that the statute applied only in proceedings before a justice of the peace.

Section 937 Burns 1894 is §169 of the code of 1852, which was an act approved June 18, 1852. §§1597-1614 are §§1-18 of an act approved June 10, 1852. In *Davis* v. *Warfield*, 38 Ind. 461, §169, *supra*, (§937 Burns 1894), was under consideration. It is true the original proceedings in that case were instituted in the circuit court, and it was held that the statute applied only where process issued from a justice; but in that case the court said: "Eight days before the passage of the code, the legislature had passed an 'act authorizing proceedings to try the right of property, seized by virtue of any writ of execution, or attachment, and claimed by any person other than the execution or attachment defendant.' 2 G. & H. 632 (2 R. S. 1852 Chap. 5). This is the only statute on the subject. Supposing the case to be governed by this statute, it would seem to be necessary that the notice to a claimant should be in writing, in order that he be barred. 2 G. & H. 635, §§17, 18." See §§1613, 1614, *supra*.

In the case at bar the officer making the levy is sole defendant. As we construe these statutory provisions, he alone can compel the claimant to come in and litigate his claim. As against the parties to the suit in which the execution or attachment is issued, he may come in or he may bring an independent action. It is evident that the object contemplated in requiring the claimant to litigate his claim is to protect an officer seizing property under the writ, and purchasers at sales under such proceedings; and if the officer gives the claimant notice, as provided, before the claimant has instituted another suit to assert his right to the property, such claimant must proceed as the statute directs. *Wright* v. *Shelt*, 19 Ind. App. 1.

The finding does not show that any notice contemplated by these sections of the statute was given. Nothing is said in the statute about any notice by the justice trying the cause. It is true the finding shows that appellee had actual notice of

the attachment at the time of the levy. But the fact that a party has actual notice does not dispense with the giving of notice required by the statute to be given in a designated manner. By such notice he is brought into court, and property rights determined, and, if he fails to respond to the notice when given, his rights are barred. It will not do to say that a statutory notice may be dispensed with because the party already knows the proceedings have been instituted. Judgment affirmed.