## SMALL v. FINCH.

[No. 4,314.    Filed April 10, 1903.]

EXECUTION.—*Institution of Action for Possession of Property.*—*Dismissal.*
—*Notice.*—*Replevin.*—An answer in a suit in replevin to recover
possession of certain personal property in the hands of an
officer under execution, alleging that plaintiff brought suit
for the possession of the property so seized on execution, but dis-
missed the same, is not bad for failure to allege that notice was
served upon the execution defendant upon the seizure of the goods
as required by §1613 Burns 1901, since the suit to try the right of
property dispensed with the statutory notice, and her failure to
prosecute the same to final judgment with reasonable diligence
constitutes a bar to any action against the officer or the purchaser
of such property on account of the same.

From St Joseph Circuit Court; *W. A. Funk*, Judge.

Action by Mary E. Small against Walter Finch. From
a judgment for defendant, plaintiff appeals. *Affirmed.*

*E. A. Howard*, for appellant.
*A. N. Graham* and *C. N. Crabill*, for appellee.

ROBINSON, J.—Appellant brought suit in replevin
against appellee Finch, a constable, and one Henry Mart-
ling to recover possession of certain personal property.
Martling filed an answer, designated a "plea in abatement,"
disclaiming any interest in the property, that it had never
been in his possession or under his control, that he did not
assume control of the writ or direct its execution, that the
property was seized by the officer by virtue of the writ
alone; and the action as to him, was, in effect, dismissed.
Finch answered that on April 25, 1901, he was, and still
is, a constable; that on that day a justice of the peace
delivered to him a writ of restitution, commanding him to
put Martling in possession of certain premises, and to
remove therefrom one W. H. Small, and to make of the
goods of Small a named sum, for which Martling had
judgment; that by virtue of the writ he levied on and seized

as the goods of Small certain. described personal property, and made due return thereof; that on June 28, 1901, the day on which the property was seized under the writ, appellant, the wife of W. H. Small, filed her verified complaint before the justice who issued the writ of restitution, making Martling and Finch defendants, and averring that on June 28, 1901, by virtue of an execution issued before that time by such justice to Finch as constable, in favor of Martling and against the property of W. H. Small, the constable levied upon and seized certain described personal property (the same property described in the complaint in this action). She further averred that at the time this property was her individual property. The answer further alleges that Martling and Finch were duly summoned, and appeared to defend the action on the day it was set for trial, but that the justice, upon the affidavit of Martling, having required the plaintiff, a nonresident, to give bond for costs, she thereupon dismissed her action. The answer further alleges that that complaint was sufficient to try the right of property under the statute; that the property described therein is the same property described in the complaint in this action; that she did not prosecute such suit, but dismissed the same without any fault of this appellee. Overruling a demurrer to this answer is the only question argued.

The only argument against this paragraph of answer is that it does not appear that the appellee ever served appellant with the notice required by §1613 Burns 1901, and the case of *Patterson* v. *Snow,* 24 Ind. App. 572, is cited. Upon this point that case simply holds that the fact that the party had actual notice of the seizure did not dispense with the required statutory notice, and the rights of the party claiming the property could not be barred, under the statute, unless he failed to respond to the statutory notice. In the case at bar, appellant not only knew of the seizure, but had instituted proceedings against the officer to try the right of

property under the statute.   On the day the property was
seized, and under the provisions of the statute, she instituted
proceedings asserting her claim to the property.   She did
have actual notice of the seizure, and while she could not be
required to act upon such notice, yet she might do so, and
she did do so, and asserted her claim to the property under
the statute.   She voluntarily did all she would have been
required to do had the statutory notice been given, and, hav-
ing instituted the proceedings, the statute (§1614 Burns
1901) provides that her failure to prosecute the same to
final judgment with reasonable diligence is a bar to any
action against such officer or the purchaser of such property
on account of the same.   The object of the notice is to call
the attention of the party to the specific property seized,
and, while no action is required unless the statutory notice
is given, yet the officer is no less entitled to the protection
the statute gives him because of the fact that the action is
voluntarily begun under the statute.   *Wright* v. *Shelt,* 19
Ind. App. 1; *Firestone* v. *Mishler,* 18 Ind. 439; *Patterson*
v. *Snow, supra;* §§1597-1614 Burns 1901.

Judgment affirmed.