Anderson v. Weber—39 Ind. App. 443.

## ANDERSON ET AL. v. WEBER.

[No. 6,342. Filed February 1, 1907.]

1. INTOXICATING LIQUORS. — *Licenses.—Remonstrances.—Board of Commissioners.*—Where a remonstrance, signed by a majority of the legal voters of a township or city ward, is filed with the county auditor three days before any regular term of the board of commissioners of such county, such board is for two years thereafter deprived of authority to grant a liquor license in such territory. p. 445.

2. SAME.—*Remonstrances.—Filing of.—Duty of Board.*—The filing of a remonstrance against the granting of a liquor license does not require any action on the part of the board of commissioners; and any action taken by such board thereon is a nullity. p. 446.

3. SAME. — *Remonstrances. — Applications. — Duty of Board.* — Where an application for license to retail liquors is made, and a remonstrance is on file against the granting thereof, the board of commissioners is required judicially to determine whether a majority of the voters have signed such remonstrance; and if they have, the board is powerless to grant such license. p. 446.

4. JUDGMENT.—*Licenses.*—*Intoxicating Liquors.*—The judgment granting or refusing a license to sell intoxicating liquors to an applicant need not mention the filing of a remonstrance, nor should it set out the reasons for such granting or refusing. p. 446.

5. APPEAL. — *Intoxicating Liquors.*—*Remonstrances.*—*Orders.*— An appeal does not lie from an order of the board of commissioners stating merely that a certain remonstrance is sufficient, such order being a nullity. p. 447.

From Clay Circuit Court; *George A. Knight,* Special Judge.

Liquor remonstrance by Isaac B. Anderson and others. From a judgment of the circuit court in favor of George F. Weber, holding such remonstrance insufficient, remonstrants appeal. *Reversed.*

*Charles W. Miller,* Attorney-General, *C. C. Hadley, G. S. Payne* and *Eli F. Ritter,* for appellants.

*Woollen & Woollen, Frank A. Horner* and *A. W. Knight,* for appellee.

RABB, J.—A blanket remonstrance was filed with the auditor of Clay county three days before the regular July term, 1905, of the board of commissioners of said county against the granting of a license to sell intoxicating liquors in less quantity than a quart, under the provisions of the Moore law of 1905 (Acts 1905, p. 7, §7283i Burns 1905), in the township of Washington, in said county, said remonstrance purporting to be signed by a majority of the legal voters of said township. The board of commissioners assumed that the filing of this remonstrance brought before it and under its jurisdiction, for decision, the question as to the sufficiency of such remonstrance, and proceeded to take cognizance of the remonstrance, heard evidence as to its sufficiency and its form, and adjudged that it was signed by a majority of the legal voters of the township and filed with the auditor of the county three days before the meeting of the board. The appellee in this case, George F. Weber,

whom the record recites was before the board as an appli-
cant for a license to sell intoxicating liquors, appeared in
said proceeding and resisted the action of the board.   He
afterwards filed an affidavit to the effect that he was a legal
voter in said township, and, after reciting the action of the
board of commissioners upon the remonstrance, stated that
he had on file an application to sell at retail intoxicating
liquors in said township, but owing to the finding of such
board such application was defeated; that the board failed
to act on the same, and that he therefore had an interest in
the matter determined by the board, and that he was ag-
grieved by its decision, and prayed an appeal to the circuit
court.   He filed his appeal bond which was approved by
the auditor, and a record of the proceeding certified to the
circuit court and entered upon said court as a proceeding
pending therein in the name of the appellee as plaintiff,
and of the remonstrators, the appellants herein, as defend-
ants.   The remonstrators appeared to said proceeding and
moved to dismiss the appeal.   Among reasons assigned was
that the court had no jurisdiction of the case.   This motion
was overruled, and presents one of the questions raised by
the record in this cause by a proper assignment of errors
in this court, and the only question which we deem it neces-
sary to consider.

The provisions of the act of 1905, *supra,* amendatory of
section nine of the Nicholson law (Acts 1895, p. 248, §7283i
Burns 1901) authorized the filing of a blanket re-
monstrance against the granting, by the board of
commissioners, of a license to sell intoxicating
liquors at retail in any township or city ward.   When this
remonstrance is signed by a majority of the voters of the
township or city ward, and is filed with the auditor of the
county three days before the regular session of said board
of commissioners, the board is thereby deprived of all power
and authority to grant a license to any applicant to sell at
retail intoxicating liquors within the particular township

or city ward. Under the provisions of the law the filing of such remonstrance does not invoke the exercise of any judicial power by the board of commissioners. It is not called upon judicially to determine whether the remonstrance is in due form of law, whether it is signed by a majority of the voters of the township or city ward, or whether it has been filed with the auditor within the proper time, or to take any cognizance whatever of the remonstrance. The filing of the remonstrance simply creates a condition that deprives the board of commissioners of authority to act in a given case when its action shall be invoked to grant licenses to sell liquor at retail. It has no power to adjudicate any question with reference to the remonstrance until some one invokes its power judicially to determine whether a license to retail intoxicating liquors shall be granted. When that is done, the board of commissioners must determine judicially whether it has the power to proceed with the hearing of the application for a license. The only judgment the board of commissioners can properly render in such case is whether a license shall be granted or refused, and not whether a remonstrance against the granting of a license to sell intoxicating liquor has been filed in proper form, signed by the requisite number of voters, and filed with the auditor within the proper time. The license applied for shall either be granted or refused, and, in determining what its judgment shall be in granting or refusing the license, it necessarily passes upon the question as to whether the remonstrance has been properly filed and signed by a majority of the legal voters of the township. If it finds it has been, it refuses the license and adjudges that the party is not entitled to a license. The reasons why he is not entitled to a license are not proper to be set forth in the judgment. If it should determine that the remonstrance is insufficient, for any reason, and that the party is entitled under the law to a license, its judgment is that

he should be granted a license. Nor is it necessary or proper that in this judgment anything should appear about the remonstrance.

In this case the appellee appealed from an order of the board of commissioners that simply passed upon the question as to the sufficiency of the remonstrance, and nothing else. There was no judgment of the commissioners refusing him a license. There is a reference to the fact that, on account of the action of the board in that matter, they had, on his application for a license, refused to act. From that action the appeal is not taken, but from this order of the board. The order of the board of commissioners in the case was a mere nullity. It was not a judgment from which an appeal might be taken. This is decided by the Supreme Court in the case of *Cain* v. *Allen* (1907), 168 Ind. 8, the court in that case saying: "The action of the board in assuming jurisdiction over the remonstrance herein, as shown, and in making an order therein, was wholly unwarranted by law. Consequently, as it had no jurisdiction over the matter, the proceedings had upon the remonstrance in question and order made thereon were a mere nullity. * * * The law is well settled in this State that boards of commissioners are invested only with statutory power, and they have no power to act except as it is expressly or impliedly conferred upon them by statute." Citing, *Gavin* v. *Board, etc.* (1885), 104 Ind. 201; *Hoop* v. *Affleck* (1904), 162 Ind. 564. There being no judgment of the board of commissioners to appeal from, the motion to dismiss the appeal should have been sustained.

Cause reversed, with instructions to the court below to sustain appellants' motion to dismiss the appeal.