## DOLLMAN *v.* PAULEY.

[No. 25,133. Filed February 12, 1931.]

*Roemler, Carter & Rust,* for appellant.

*Lewis A. Coleman, Robert D. Coleman, James A. Ross, John J. Kelly* and *Matson, Carter, Ross & McCord,* for appellee.

TRAVIS, J.—Appellant predicates his action against appellee upon two paragraphs of complaint: the first paragraph upon breach of contract, the second paragraph upon tort, both of which complaints were founded upon injuries to property.

Appellant alleged by his first paragraph of complaint that he owned a four-story brick building which is used for business purposes, and the real estate upon which this building rested. Appellee undertook to erect a four-story reinforced concrete building on his land which was south of and adjacent to appellant's land and building. To construct appellee's building, it became necessary to excavate alongside the foundation of appellant's building and land. The excavation for appellee's building was made to a depth of more than 10 feet, measured from the established grade for dwellings, flats and apart-

ment houses. At the time appellee made the excavation on his land, there was in force an ordinance in the city of Indianapolis which provided:

"The legal depth for excavations to the bottom of footings shall be seven feet for dwelling, flats and apartment houses, and ten (10) feet, for all other buildings, to be measured from the established grade for dwelling, flats and apartment houses and from the curb level at center of the main front of building on the property line of all other buildings but in no case shall said excavation be less than seven feet below the floor joists of dwellings, flats and apartment houses or eight feet below the curb level of other buildings. (b) Whenever an adjacent excavation shall be carried to a greater depth than the legal seven feet or ten feet depth above given, it shall be the duty of the person making or causing such excavation to be made to preserve any contiguous wall or walls from injury and protect and underpin the same below the legal seven or ten foot depth at his own costs and expense so that said wall or walls shall be and remain practically as safe as before such excavation was commenced. (c) He shall give timely written notice to adjoining property owners of his intention to do so and the adjoining property owners shall permit the occupancy of their grounds, or any buildings, so that their walls may be underpinned and sustained. (d) If such contiguous wall or walls is not carried to a greater depth than the legal seven or ten foot depth above given, the owner or owners of such adjoining or contiguous wall or walls shall preserve their walls from injury and so sustain protect and underpin the same at their own cost and expense to the legal seven or ten foot depth that the said wall or walls shall be and remain as safe as before such excavation was commenced. And said owner or owners of adjoining or contiguous wall or walls shall be permitted to enter upon the premises where such excavation is being made for that purpose when necessary."

Appellee gave timely written notice to appellant of his intention to excavate; but, before excavating, the question of the respective liabilities of the parties in relation to the protection of appellant's wall, upon mutual consideration, resulted in an agreement between them that appellant should pay to appellee the sum of $300 after the work was done by appellee, in consideration of which appellee agreed to do all things necessary to protect appellant's wall by reason of appellee making the excavation; and, in the performance of the work, appellee agreed to underpin and otherwise protect appellant's wall so that appellant's building would not in any wise be injured or damaged by making the excavation. In making the excavation and in performing the work to protect appellant's wall, appellee performed such work in such way that appellant's wall was not protected, and, by reason thereof, the wall settled, the foundation of the building settled, and the building settled, as the result of which the walls of the building were cracked and strained, the front of the building was thrown out of line and position, and the building injured generally so that it tended to spread apart. To prevent the spreading apart of the building, appellee placed iron rods through it from one side to the other, so constructed that they could be tightened to hold the walls together. These rods injured the building. All of this work was done by appellee in the manner alleged without the knowledge or consent of appellant. Because of the work done by appellee, and the manner of doing such work, as alleged, appellant's building was greatly injured and damaged; appellant's loss and damage amounted to $4,000.

The second paragraph of complaint is the same as the first paragraph, with the additional allegations that appellant's building had a basement, and that appellee decided to construct his building with a basement under

the entire building, and to construct it so that the foundation thereof on the north side would be adjacent to and connected with the foundation of appellant's building, and that the excavation for the foundation and for the basement of appellee's building would extend to the foundation of appellant's building. The second paragraph of complaint, instead of quoting the section of the ordinance, states its provisions generally. The agreement alleged is that appellant should not do anything to protect the foundation of the building, that appellee would do for appellant anything necessary to protect the foundation of appellant, so that it would remain intact, and not in any wise be damaged by reason of the excavation to be made and the construction of the foundation and the building of appellee alongside appellant's building; and that appellant employed appellee to do all of said things. Appellee undertook the construction of the basement and building, and did contruct them. In doing so, appellee excavated the earth on the ground adjacent to appellant's building to the foundation wall of appellant's building, and did undertake to underpin and protect appellant's foundation so that it would not settle, would remain in place, and the building in no wise be injured in the performance of the work by appellee on his real estate. In doing this work of protecting appellant's building and foundation, appellee did it negligently in a manner that did not protect appellant's building and foundation, by excavating underneath appellant's foundation, and took the material from underneath it, and did not underpin the same and make it so that it would not settle; and, as a result thereof, the foundation did settle, etc., to appellant's damage.

To the complaint, appellee (defendant) filed a general denial, and also a cross-complaint, by which appellee alleged that appellant and this appellee entered into a verbal contract by the terms of which cross-complainant,

appellee, was to have Thompson and Binger, Incorporated, then constructing a building for appellee, adjoining the property of appellant, "do and perform certain underpinning under the wall of the building of" appellant on the following terms: That Thompson and Binger, Incorporated, should at once do said work and use new brick; that appellant was to pay appellee towards the payment of the cost of said work $300, and appellee was to pay the additional cost of said work performed pursuant to this contract, at a cost of $544.36, which has been paid in full to Thompson and Binger, Incorporated, by appellee; and that appellant refuses to pay appellee the $300 for which judgment is asked. Appellant, in answer to the cross-complaint, pleaded the general issue. The verdict is for appellee on appellant's complaint, and for appellee on his cross-complaint and damages for appellee of $300, with judgment on the verdict.

Error is assigned upon the decision of the court overruling appellant's motion for a new trial.

The causes for a new trial which are presented on appeal are: (1) The decision of the court sustaining appellee's objection to the offer of appellant to introduce in evidence the ordinance referred to in the complaint; (2) the decision of the court overruling appellant's objection to a question asked appellee's witness; and (3) the giving and refusing to give certain instructions to the jury.

Appellant offered in evidence §312 of an ordinance of the city of Indianapolis, which section was set forth in his first paragraph of complaint and referred to in his second paragraph of complaint by stating some of its provisions. Appellee's objection to the ordinance as evidence is for "the reason that neither of the paragraphs of complaint is based upon a theory of a violation of this ordinance or any part of it. The theory of the complaint

is that the defendant undertook to erect a building of reinforced concrete four stories high on his real estate and that it sets out the fact that there was a duly enacted ordinance of the city of Indianapolis, and gives the provisions of it and no violation of that city ordinance is alleged in this complaint, and no violation of it so far has been proved in this case. Therefore, the introduction of this ordinance would have no tendency to prove that there is any violation of the contract, either of the ordinance or the contract."

Appellee's proposition in support of the decision of the court which excluded the ordinance as evidence is that the parties saw fit to contract without taking this ordinance into consideration, and they had the right to contract in derogation of the ordinance, for the reason that the section of the ordinance relied upon is for the sole benefit of adjacent owners. The first paragraph of complaint surely negatives this proposition, by alleging that, before excavation, the question the parties thought necessary to consider was their respective liabilities to protect appellant's wall, and that, after such consideration, they agreed that for $300, to be paid by appellant to appellee, the latter was to protect the wall in making the excavation so that appellant's building would not be injured or damaged. Underpinning appellant's wall was to be a necessary part of the work, but the depth of the excavation, or of the footings for the underpinning was not mentioned. It must be presumed, the contrary not being alleged, that the parties did not intend to contract in violation of law, but according to its provisions. The ordinance provides for "The legal depth for excavations, etc.," which fits the situation of these parties, also the objection of each party to the other. Here was a law which determined the depth of excavations for footings for walls, and which also determined the rights of the parties,

and the obligation each owed to the other. These parties knew, as a matter of law, their obligations one to the other, as prescribed by the ordinance. The contract, as alleged, was made with the view of the provisions of this ordinance. No more precise language can be found to state the principle that statutes and the law as otherwise existing become a part of every contract, and must be read into it, than made by Chief Justice John Marshall in the words, "in every *forum* a contract is governed by the law with a view to which it was made." *Wayman* v. *Southard* (1825), 10 Wheat. 1, 48, 6 L. Ed. 253. See *Beck, etc., Co.* v. *Evansville Brewing Co.* (1900), 25 Ind. App. 662, 667, 58 N. E. 859; *Southern R. Co.* v. *Bouknight* (1895), 70 Fed. 442, 30 L. R. A. 823, 826; *Armour Packing Co.* v. *United States* (1907), 153 Fed. 1, 82 C. C. A. 135, 14 L. R. A. (N. S.) 400. A city ordinance comes within the rule. *Kansas City Hydraulic Press Brick Co.* v. *Youmans* (1908), 213 Mo. 151, 112 S. W. 225; *Wright* v. *Computing Scale Co.* (1907), 47 Wash. 107, 110, 91 Pac. 571.

Appellee is estray from the point to consider when he counters in his brief that here is no violation of this ordinance pleaded in the complaint. The ground for the ordinance in evidence is to determine the terms of the contract, and is not for the purpose of laying a foundation to prove the ordinance had been violated. The action of the court sustaining the objection to the introduction of the ordinance in evidence is reversible error.

Appellee asked his witness Calland, "State whether or not the Dollman building, in your opinion, was worth more or less after the underpinning and the other work you have testified to, was done." The objection is that it is not a proper question to determine the facts from which must be determined the damages. Objection was overruled and witness an-

swered, "I would consider the building in better condition today than it was before the foundation was put in." Previous to this question, Calland testified that he had been called to examine some work in the Pauley building which had been torn down, when, at the same visit, he noticed the condition of the Dollman building where the front had settled, the front wall cracked to the top of the building, one or two window caps were broken, and the southwest corner of the Dollman building had settled. Calland did not testify to the condition of Dollman's building after the excavation and the underpinning had been made. The question does not directly seek the amount of benefits or damages. The question is utterly useless on principle except to lay the foundation for the question which would naturally follow, viz., "Because of the building being in better condition today than it was before the foundation was put in, how much more is the building worth today than before the foundation was put in." Unless the last question is proper, the first one is not proper, in proving benefits or damages to property. A witness may not testify to his opinion as to the amount of benefits or damages to property. These questions lead to ascertaining by testimonial opinion the ultimate fact to be found by the jury. Overruling appellant's objection to the question was error. *Yost* v. *Couroy* (1883), 82 Ind. 464.

Instruction No. 2 says: "The burden of proof rests upon the plaintiff to prove the material allegations of the complaint by a fair preponderance of the evidence. . . . If the plaintiff has failed in this, he would not be entitled to recover. On the other hand, if plaintiff has thus proved the material allegations of the complaint, he would be entitled to recover, unless you should further find from a fair preponderance of the evidence as to the second paragraph

that plaintiff was guilty of negligence which proximately contributed to the injury complained of." The first sentence of the instruction would not offend were the complaint in one paragraph, and based on tort. It was necessary to prove the tort in the second paragraph to sustain a verdict based on evidence of a breach of contract alleged in the first paragraph of complaint. The second sentence speaks in the language of tort; and, although it might apply well the principle of law which concerns tort in the second paragraph of complaint, it is error to attempt to apply the principle of the defense of contributory negligence in a suit for breach of contract. The instruction had no application to the second paragraph of complaint, for the reason that appellee did not offer to or introduce any evidence which tended to prove that appellant did anything, either directly or indirectly, to excavate or to underpin the wall, or which caused the wall and building to settle, crack, separate, etc. Instruction No. 6, given to the jury, is erroneous for part of the same reasons that instruction No. 2 was erroneous; it applied the principle of the law of tort to the first paragraph of complaint.

Appellant alleges error upon other instructions which were given over objection, and also those tendered by him and refused. Upon a retrial of this case, the alleged defects will not arise under what has been held to be the law of the case. The motion for a new trial is ordered sustained. The death of the appellee since the appeal was submitted has been suggested. The judgment of this court is that the judgment from which this appeal is taken is reversed, as of the date of the submission of the appeal.

Roll, J., concurs in result.

Martin, J., did not participate in the decision of this case.