STATE EX REL. SIGHTS *v.* EDWARDS ET AL.

[No. 28,557.   Filed November 30, 1949.   Rehearing denied January 4, 1950.]

Gilkison and Emmert, J. J., dissent with opinions.

Gilkison and Emmert, J. J., dissent.

*Bell & Bell*, of Indianapolis, for appellant.

*Garvin, Ging and Graber*, of Indianapolis, for appellees.

YOUNG, J.—The relator, by her action, sought a decree mandating the appellees to reinstate her to her former position as a teacher in Decatur School Township of Marion County, and, in the same action, asked $5,000 in damages for her alleged wrongful dismissal.

After trial, judgment was rendered against her and, to the extent that the questions presented are factual, we must accept the evidence most favorable to appellees.

Relator had been employed as a teacher in Decatur School Township for the school year 1946-1947. She was not permitted to teach the following year and contends that she was not given the required statutory notice that her contract would not be renewed.

Relator denied that the trustee delivered this notice to her. On this question the trustee testified on direct examination as follows:

"Q. The question is what did you say to Marguerite Sights when you presented this to her?

A. I said, 'Marguerite, I am sorry, I can not use you next year. Do you care to sign this dismissal slip?'

Q. What did she say to you?

A. She said she would not. She got angry about it.

Q. When did you call her sister, Geneva Cuddy Adams, into the conversation, Mr. Edwards?

A. When she got angry and started to talking. I said, 'Just a minute.' I walked out into the hall and asked Geneva to come from the other office and talk to her sister. She came into the office.

And Geneva said, 'I am only her sister. I can not make her sign, if she doesn't want to sign it. It is up to her.' I said to her, 'You know if you do not resign I will have to send you a registered one. I am now presenting you with a written notice.' She refused to take it.

. . .

Q. Now, Mr. Edwards, when Defendant's Exhibit 2 (paper referred to as dismissal slip) was presented to Marguerite Sights on the 28th day of May, 1947, did she examine the paper you showed to her?

A. She wouldn't even look at the paper.

Q. Did you offer her a copy of that paper?

A. I offered it to her and she refused to take it.

Q. But you did present to her personally a copy of Defendant's Exhibit No. 2?

A. Yes."

On cross-examination, Mr. Edwards testified as follows:

"Q. Just when did you sign Miss Marguerite Cuddy Sights' notice?

A. I wouldn't want to say. It was some days before. We have our meeting and decide on who we are going to fire.

Q. At the time you signed it, I believe you testified you considered it as her resignation?

A. At the time I signed it, no, it is not a resignation. She is fired; that is it.

Q. You didn't tell her that?

A. I told her.

The statute upon which this case turns is as follows:

". . . Contracts wherein a township school corporation is a party shall be deemed to continue in force for the succeeding school year on the same terms and for the same wages plus any increases as provided by the provisions of Chapter 101 of the Acts of 1907 and acts amendatory thereof,

known as the Teacher's Minimum Wage Law, unless on or before the day during which the teacher has completed his customary reports regarding the promotion of pupils and has filed a copy of same at the office of the township trustee, but in no case later than five days after the expiration of the school term, the teacher shall be notified by the school corporation in writing delivered in person or mailed to him or her at last and usual known address by registered mail that such contract will not be renewed for such succeeding year or unless such teacher shall deliver or mail by registered mail to such trustee his or her written resignation as such teacher or unless such contract is superseded by another contract between the parties. . . ." § 28-4321, Burns' 1948 Replacement.

Relator completed her customary reports regarding the promotion of pupils and placed same upon a table in the outer office of the principal of the school in which she taught, and it was stipulated that this was the usual, long accustomed, accepted and designated place for the filing of such reports of the teachers of that school, and that the township trustee knew of the custom and accepted such practice and place for the filing of reports regarding the promotion of pupils.

On the same day, the trustee presented a slip of paper to relator, which he denominated in his testimony as notice of dismissal, and which read as follows:

### "TEACHER CONTRACT EXPIRES

This is to signify that the services of Marguerite Sights, who has been employed in the Decatur Central Schools as a teacher, will terminate the last day of school May 28, 1947.

Signed

        Name of Teacher

Signed    Herbert H. Edwards

        Name of Trustee"

"Q. Did you sign it then or did you sign it before? Did you prepare it before or did you prepare it then?

A. It was signed before. I prepared it before I went to the school. When I handed it to her, I said, 'You can resign. This is your notice of firing. You are no longer wanted. You can sign this if you will. I want you to sign it.' She said, 'I am not signing anything.'

Q. You gave her the opportunity—

A. I said, 'There is your notice. You are no longer wanted.'

Q. You were giving her an opportunity to resign, is that it?

A. I was giving her the opportunity to resign as a teacher."

There was conflicting evidence on this subject, which we will not weigh. We may consider only the evidence most favorable to appellees. Mr. Edward's testimony, set out above, was sufficient to justify the court in finding that the dismissal notice was presented to Mrs. Sights on May 28, and that she knew the nature of it and refused to receive it.

A party may not escape the effect of a required written notice by declining to receive it. *R. H. Stearns Co.* v. *United States* (1934), 291 U. S. 54, 61, 78 L. Ed. 647, 653; 19 Am. Jur., Estoppel, § 50, p. 652. Hence we hold that by her failure to receive the notice presented to her by the township trustee she did not defeat the effect of such notice.

Relator contends that the trustee treated the presentation of the paper to her on May 28, 1947, as a request that she resign, and there was testimony that the trustee did ask her to sign the slip and did tell her that if she did not resign he would have to send her a registered notice. He did dispatch to her by registered mail a notice in substantially the same form as that

presented to her. Relator lays great stress upon this fact. She urges that this is conclusive evidence that notice had not been delivered to her in person, as claimed by appellees. It might be evidence to that effect, but it was only evidence to be weighed with all the other evidence in the case by the trier of the facts. The trier of the facts, having resolved the issue, we may not substitute our judgment for his. Assuming, as we must in the light of the trial court's decision, that the first notice was duly delivered, the fact that a second notice was mailed did not alter the force or effect of the first. The first paper, delivered personally, constituted unmistakable notice that her contract would not be renewed for the succeeding year. That was all the statute required. The trial court properly could have held that the first paper was a notice of dismissal, as stated by appellee to relator, and that what was said by the trustee about resignation was an alternative to save relator the embarrassment of dismissal.

Relator argues that the paper presented to her did not amount to notice that her teaching contract would not be renewed for the succeeding year. It will be observed that it was entitled, "Teacher Contract Expires." This could mean only one thing, viz., that it would not be deemed to continue in force for the succeeding year. It was stated in the body of the paper presented to her that relator's services "will terminate on May 28, 1947." It is true that the statute requires that notice be given that the teacher's contract will not be renewed for the succeeding year, but it is not necessary that notice be in the exact language of the statute. It was not necessary to use the words, "Contract will not be renewed." Any language which would be understood to mean that it was the intention of the

township trustee not to employ the teacher for the succeeding year would be sufficient. *Volandri* v. *Taylor* (1932), 124 Cal. App. 356, 359, 12 P. 2d 462, 463.

The language used in the notice presented to relator clearly and unmistakably indicated the purpose of the trustee not to renew relator's contract for the succeeding year. It is susceptible of no different meaning, and we hold it was sufficient to make known to relator that her teaching contract would not be renewed, and that she is not entitled to reinstatement.

Judgment affirmed.

Gilkison and Emmert, J. J., dissent with opinions.

NOTE.—Reported in 88 N. E. 2d 763.

## DISSENTING OPINION

GILKISON, J.—It will be noted that the statute—§ 28-4321, Burns' 1948 Replacement—after providing for the continuation of a teacher's contract with a school corporation, then provides three methods for terminating the contract, thus: (1) ". . . the teacher shall be notified by the school corporation in writing delivered in person or mailed to him or her at last and usual known address by registered mail that such contract will not be renewed for such succeeding year" (2) "or unless such teacher shall deliver or mail by registered mail to such school corporation his or her written resignation as such teacher" (3) "or unless such contract is superseded by another contract between the parties."

Only the first method noted is before the court in this case. The only question presented is whether the paper offered to appellant by the township trustee is a

written notice by the school corporation that the teaching contract will not be renewed for the succeeding year. The paper is as follows:

"Teacher Contract Expires.

"This is to signify that the services of Marguerite Sights, who has been employed in the Decatur Central Schools as a teacher, will terminate the last day of school May 28, 1947.

"Signed
Name of Teacher

"Signed    Herbert H. Edwards
Name of Trustee."

Since the statute requires the notice to be in writing, specifies its contents and by whom it shall be given, it is a statutory notice. Therefore, if the paper in question has any force and effect as a notice it must comply strictly with the statute authorizing it. 46 C. J., Notice, § 13, p. 541; 39 Am. Jur. Notice and Notices, § 9, p. 237; *Patterson* v. *Snow* (1900), 24 Ind. App. 572, 576, 57 N. E. 286; *Small* v. *Finch* (1903), 31 Ind. App. 18, 19, 66 N. E. 1015; *McFerran* v. *Swaynie* (1912), 50 Ind. App. 50, 52, 98 N. E. 135. See also *Gavin* v. *The Board of Commissioners of Wells County et al.* (1885), 104 Ind. 201, 205, 3 N. E. 846; *The Board of Commissioners of Tippecanoe County* v. *Barnes* (1890), 123 Ind. 403, 406, 24 N. E. 137; *Satterwhite* v. *The State* (1895), 142 Ind. 1, 21, 40 N. E. 654; *State ex rel. Workman* v. *Goldthait, Auditor* (1909), 172 Ind. 210, 217, 87 N. E. 133; *Eddy* v. *Honey Creek Tp.* (1917), 63 Ind. App. 527, 531, 114 N. E. 783; *Abell et al.* v. *Prairie Civil Township of Henry County* (1892), 4 Ind. App. 599, 31 N. E. 477; *Columbia Township* v. *Pipes et al.* (1890), 122 Ind. 239, 242, 23 N. E. 750; *Thornburg* v. *The American Strawboard*

*Company* (1895), 141 Ind. 443, 444, 40 N. E. 1062; *Shipman, Exr.* v. *Shipman, Gdn.* (1934), 99 Ind. App. 445, 451, 192 N.E. 849.

When notice is the foundation of the right claimed by a party, the notice as required by law must be alleged and proven in order to maintain the right claimed. *Gavin* v. *The Board of Commissioners of Wells County et al.* (1885), 104 Ind. 201, 3 N. E. 846, *supra; Sherfey* v. *City of Brazil* (1938), 213 Ind. 493, 504, 13 N. E. 2d 568; *Pabst Brewing Co.* v. *Schuster* (1914), 55 Ind. App. 375, 380, 103 N. E. 950.

It has been often held that boards of commissioners are invested only with statutory power, and they have no power to act except as expressly or impliedly conferred upon them by statute. *Gavin* v. *The Board of Commissioners of Wells County et al.* (1885), 104 Ind. 201, 3 N. E. 846, *supra; Anderson* v. *Weber* (1907), 39 Ind. App. 443, 447, 79 N. E. 1055; *State ex rel. Workman* v. *Goldthait, Auditor* (1909), 172 Ind. 210, 217, 87 N. E. 133, *supra.* This law is equally true of township trustees but with a special emphasis. It has been held frequently that a township trustee is a special agent with limited statutory powers. He has no general authority to act for or to bind his township. He can bind the township when he does what the statute authorizes, and does it in the manner prescribed. If he exceeds his statutory authority or fails to act strictly in accordance therewith, he cannot bind his township by estoppel or otherwise, nor can he bind the person with whom he attempts to deal. A person dealing with him is bound to take notice of the limited scope of his authority. *Clinton School Township, Etc.* v. *Lebanon National Bank, etc.* (1897), 18 Ind. App. 42, 45, 47 N. E. 349; *First National Bank of Marion* v. *Adams School Township et al.* (1897), 17

Ind. App. 375, 379 et seq., 46 N. E. 832, and cases cited.

The questioned paper is insufficient as a statutory notice for the following reasons: (1) It contains nothing that even indicates it is a notice. It starts thus: "This is to signify . . ." There is no mention of a notice or notification as affirmatively required by the statute.

(2) The record indicates that the employer school corporation is Decatur School Township of Marion County. There is nothing in the questioned paper even remotely indicating by whom it was issued, and especially nothing indicating that it was issued by the employer school corporation as specifically required by the statute.

(3) It contains no statement that appellant's teaching contract "will not be renewed for such succeeding year," as specifically required by the statute.

(4) It is not signed by Decatur School Township of Marion County, the employer school corporation as specifically required by the statute. It is signed only by one Herbert H. Edwards and immediately beneath his name are the words: "Name of Trustee." We might say these words are *descriptio personae* but they are too general to be thus identified. There is nothing in the paper indicating to what trust these words may apply. The statute does not authorize an individual to give the notice provided for. It must be given by the employer school corporation.

Of course, the nature of the questioned paper must be determined from its own four corners. It cannot be aided or modified by parol evidence. The majority opinion is in error in holding to the contrary. It must be such a notice as is provided for by the statute. "Where" as in this case "the language of a statute is

clear and unambiguous it must be held to mean what it plainly expresses." "In order to obtain the protection and benefit of a statute, one must bring himself clearly within its terms and provisions." *Pabst Brewing Co.* v. *Schuster* (1914), 55 Ind. App. 375, 379, 380, 103 N. E. 950, *supra,* and cases there cited.

Since appellees' defense is based wholly upon the questioned paper which the proof shows was offered to appellant, and since that paper wholly fails to comply with the clear terms of the statute authorizing the dismissal of a teacher upon proper written notice, the defense likewise has wholly failed. Neither the trial court nor this court has authority to correct or amend the fatally defective paper or to alter the statute authorizing notice. It is the duty of both courts to leave the parties as they have left themselves. The trial court and the majority of this court have remade the paper into a proper statutory notice. This is error. The statutory notice is not required to reflect the intention of the trustee, on the contrary it is required to state the intention of the employer school corporation.

The judgment of the lower court should be reversed.

## DISSENTING OPINION

EMMERT, J.—The difficulties in this controversy arose because the trustee was attempting to act as his own lawyer even though he and the school township were entitled to the competent services of a skilled member of the legal profession at public expense. Although there are exceptions to most generalizations, the facts here demonstrate that there is much wisdom in the old adage that "He who acts as his own lawyer has a fool for a client." It has particular force to one in

the public service who has no authorities except those granted by statute.

The Legislature has provided by statute that, "Contracts wherein a township school corporation is a party shall be deemed to *continue in force for the succeeding school year* . . ." unless "the teacher shall be *notified by the school corporation in writing* . . . that such contract will not be renewed for such succeeding year," or unless the teacher submits his or her *"written resignation"* or, "unless such contract is superseded by another contract between the parties." (Italics supplied.) Section 28-4321, Burns' 1948 Replacement. This statute by operation of law became a part of the contract and governed the rights of the parties. *State ex rel. Anderson* v. *Brand* (1937), 214 Ind. 347, 5 N. E. 2d 531, 7 N. E. 2d 777; *McClanahan* v. *Breeding* (1909), 172 Ind. 457, 88 N. E. 695; *Simons* v. *Kosciusko Building, Loan & Savings Assn.* (1913), 180 Ind. 335, 103 N. E. 2; *Dollman* v. *Pauley* (1931), 202 Ind. 387, 174 N. E. 729.

The form which the trustee attempted to deliver to the teacher the last day of the school year was not prepared by the teacher, but was furnished by the trustee, and the words used therein should be construed most strongly against the trustee. *Municipal City of South Bend* v. *Blue Lines, Inc.* (1942), 219 Ind. 462, 38 N. E. 2d 573, 39 N. E. 2d 439; *Rosenbaum* v. *Nowak Milling Corp.* (1943), 22 Ind. 108, 51 N. E. 2d 623; *Winnemucca Water & Light Co.* v. *Model Gas Engine Works* (1913), 179 Ind. 542, 101 N. E. 1007.

This court should not determine this appeal on the basis of what the township trustee said he intended and meant by the form he used. Even if his self-serving statements should be considered, the fair construc-

tion of his testimony is that he intended the instrument to be a resignation. Four times in his testimony he uses the words "resign" or "resignation." It is quite obvious it could not be a resignation, and at the same time a dismissal.

The legal effect of the words used is for this court to determine. The township trustee had already signed the instrument, and from the fact that there was a blank place for the signature of the teacher, there was indicated an intention in law that the instrument was not to become effective unless both parties signed the same. The legal effect of the trustee's acts only constituted an offer to the teacher to rescind her continuing contract. An unaccepted offer must be construed by the same standards as an accepted offer. The wording as used in the instrument would indicate that the parties were memorializing that agreement. Such a contract of rescission is based upon a valid consideration for "the promise of one party to forego his rights under the contract is sufficient consideration for the promise of the other party to forego his rights." 6 Williston, *Contracts* (Rev. Ed.) § 1826, p. 5170.

Even in contracts not governed by statutory law where the contract provides for a right of rescission under certain circumstances or by certain acts, "it is essential that the provisions of the original reservation be strictly followed." 6 Williston, *Contracts* (Rev. Ed.) § 1826, p. 5175.

If the instrument constituted statutory notice that such contract "would not be renewed for such succeeding year," why was it necessary that the teacher join in execution of the instrument as the form provided? Likewise, why was it necessary that the trustee mail another notice to the teacher by registered mail,

which in the argument of this appeal was conceded to have been mailed too late to comply with the statute?

It is not the duty or function of a court of review to make over contracts for litigants. *International Shoe Co.* v. *Lacy* (1944), 114 Ind. App. 641, 53 N. E. 2d 636; *Jenkins* v. *King* (1946), 224 Ind. 164, 65 N. E. 2d 121. The intent of the instrument must be the intent therein expressed.[1] This court should have no concern with the policy or wisdom of legislation regulating the contract rights of teachers and school corporations. If teachers' rights are to be forfeited as provided by the statute, that statute should be strictly followed, which was not done in this case. I would reverse the judgment.

---

[1] ". . . Nevertheless, the distinction is a real one, and it may be said without qualification that if the parties have made a memorial of their bargain, or a writing is required by law, their actual intent unless expressed in some way in the writing is ineffective, except when it can be made the basis for reformation of the writing. It is true that it is commonly said that the court in the interpretation of contracts is endeavoring to find the intention of the parties. The natural meaning of this language is that the court is endeavoring to find as a controlling factor what, as has just been seen, may be wholly ineffectual. In contracts of which no memorial is made and no writing required by law, it is doubtless true that where parties have made a bargain which both of them understand in a certain sense, their intent (which at least has been made plain to one another) must be sought, however inadequately it may have been expressed. But in contracts of the other class, this is not true, and though courts say they are seeking the intention of the parties, the assertion is even more emphatic that this intention can be found only in the expressions of the parties in the writing. In effect, therefore, it is not the real intent but the intent expressed or apparent in the writing which is sought." 3 Williston, *Contracts* (Rev. Ed.) § 610, pp. 1751, 1752.

## ON PETITION FOR REHEARING

YOUNG, J.—Relator, in her brief in support of her petition for rehearing, says, in substance, that this court, in its original opinion herein, specifically set out certain parol evidence and applied that evidence to determine the nature of the document which appellee contended was notice to appellant that her contract would not be renewed for the ensuing year. Her attorneys have misconstrued our opinion. We did set out part of appellee's testimony, but solely for the purpose of showing that there was evidence from which the trial court could reasonably infer that the notice was presented to Mrs. Sights and that she knew the nature of it and refused to receive it. It is not true that we applied appellee's testimony that the paper was a notice of dismissal in determining its nature and effect, and we think this is perfectly clear from the language of the opinion, but to set at rest any contrary idea, we say now that the nature of the document which we held to be notice was determined from its own intrinsic language and not because of what appellee called it.

In her petition for rehearing, relator suggests two matters which were not discussed in our opinion. She calls our attention to Rule 58 of the State Board of Education, Indiana Rules and Regulations, 1947, Vol. 1, p. 768, in which a form of notice that a teacher's contract will not be renewed is set out. This regulation is not referred to in the record or in any of the briefs heretofore filed with us in this case, and was not referred to in oral argument. It is suggested for the first time upon rehearing. Hence, we did not discuss it originally. Appellant, in calling this purported rule to our attention, failed to add that the

attorney general and the governor had specifically re-
fused to approve same. Indiana Rules and Regula-
tions, 1947, Vol. 1, p. 771. Acts of 1943, ch. 213; § 60-
1501, Burns' 1943 Replacement, makes it the duty of
every officer, or board, having power to make rules
and regulations, to submit them to the attorney general
and governor and requires their approval. The stat-
ute then says, "No such rule or regulation hereafter
made, promulgated or adopted shall be effective until
after compliance with the provisions of this section."
The rule here in question, not having been approved
by the attorney general or the governor, is not, and
was not at any time involved in this action, effective.
We may add that the statute does not require that the
notice be in a form prescribed by the State Board of
Education. If the notice fairly informs the teacher
that her contract will not be renewed for the succeed-
ing year, that is enough. We held, and now adhere to
the holding, that the notice given was adequate for
this purpose.

Relator also now suggests that the notice was not
in the name of the school township but was signed
only by the trustee as such. In her original
briefs relator attacked the sufficiency of the
notice, but not on the ground it was not in the
name of the township. Had it been, we would have
pointed out that we have a statute which reads as
follows:

> "The school trustees shall take charge of the
> educational affairs of their respective townships,
> towns and cities. They shall employ teachers,
> establish and locate conveniently a sufficient num-
> ber of schools for the education of children there-
> in, and build, or otherwise provide, suitable houses,
> furniture, apparatus and other articles and edu-
> cational appliances necessary for the thorough

organization and efficient management of said schools. . . ." § 28-2410, Burns' 1948 Replacement. See also *School City of East Chicago* v. *Sigler* (1941), 219 Ind. 9, 13, 36 N. E. 2d 760.

Under this statute, the trustee is, to all intents and purposes, the school corporation, for whom he acts. It can act only through him in the matters here involved. A notice by him would, therefore, be notice by the school township and would be sufficient under the statute. The statute itself indicates this by providing that, when the situation is reversed and notice of resignation is required of the teacher, the teacher shall mail such notice "to such trustee," not to the school township as such. § 28-4321, Burns' 1948 Replacement.

Relator has not convinced us that we erred in our decision of this case, and her petition for rehearing is, therefore, denied.

Gilkison and Emmert, J. J., dissent.

NOTE.—Petition for Rehearing reported in 89 N. E. 2d 443.